**FILED**
**NOVEMBER 21, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6592**

| | |
|---|---|
| MICHELLE COX, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Case No.:_____ **JUDGE MANNING** **MAGISTRATE JUDGE ASHMAN** |
| STUART A. FULLETT, individually and as partner of FOSCO, VANDERVENNET & FULLETT, P.C.; and FOSCO, VANDERVENNET & FULLETT, an Illinois professional corporation, ) ) ) ) ) ) | Class Action **LI** Jury Trial Demanded |
| Defendants ) | |

**COMPLAINT FOR VIOLATION OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, MICHELLE COX, on behalf of herself and all others similarly situated, by and through her attorney, Kenneth M. DucDuong, and for her Complaint against STUART A. FULLETT, individually and as named partner of the law firm of FOSCO, VANDERVENNET & FULLETT, P.C., and FOSCO, VANDERVENNET & FULLETT, P.C. (together as Defendants), to obtain damages, costs of suit, and other suitable relief from the Defendants, for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, as amended, states as follows:

**JURISDICTION**

1.   This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1332(d)(2) because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. § 1692(k).

**VENUE**

2.   Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).  A substantial part of

the events and conduct giving rise to the violations of law complained herein occurred in or emanated from this District.  Plaintiff is domiciled in this District, and the wrongs complained of herein emanated from this District.  Defendants are located or conduct business with consumers in this District.

## THE PARTIES

3. Plaintiff, Michelle Cox ("Cox"), is a citizen of the State of Illinois and resides in the Village of Arlington Heights in Cook County, Illinois.

4. Cox is a "consumer" as section 1692a(3) of the FDCPA defines that term.

5. The alleged debt that the Defendants attempted to collect from Cox is a consumer debt for Cox's personal, household or family purposes as defined under section 1692a(5).

6. Defendant, STUART A. FULLETT ("Fullett"), was and is an attorney registered to practice law in the State of Illinois.  Besides his practice of law, Fullett is regularly engaged in the business of the collection of debts allegedly owed by consumers through correspondences and phone calls.  Fullett is a debt collector as that term is defined under section 1692a(6).

7. FOSCO, VANDERVENNET & FULLETT, P.C., ("FVF") was and is an Illinois professional corporation law firm, registered to do business in the State of Illinois and has its principal office located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004.  Besides its practice of law, FVF is regularly engaged in the business of collection of debts allegedly owed by consumers through correspondence and phone calls and therefore is a "collection agency or agency" as defined by the Illinois Collection Act, 225 ILCS 425/2.02 and a debtor collector as that term is defined under section 1692a(6).

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated, as members of the proposed Plaintiff Class (the "Class") and, under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedures.

9. Beginning at least as early as in 2002, the exact date and year being unknown to Plaintiff, and continuing to the present, Defendants represent hundreds of community associations and other condominium associations in Illinois, including the Plaintiff's Sanctuary of Arlington Heights Condominium Association, as it is advertised at Defendants' website, www.fvflaw.com.  As part of Defendants' law practice, Defendants regularly send condominium unit owners and homeowners' collection letters that are in similar form like Plaintiff's Demand/Collection Letter, which failed to contain the required information in violation of section 1692g of the Act.

10. This action is brought and may be properly be maintained as a class action pursuant to the provisions of 735 ILCS 5/2-801, *et seq*.  This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class.  Such information is in Defendants' possession.  Due to the nature of the trade and business involved and the fact that Defendants regularly represented and presently represents many condominium associations in Illinois like the Sanctuary of Arlington Heights Condominium Association in the present action, Plaintiff believe that the class numbers are in the hundreds, and the class members are so numerous and dispersed geographically that their joinder in this action is impracticable.

11. **Numerosity/Impracticality of Joinder**:  The members of the Class are so numerous that joinder of all Class members is impracticable.  The precise number of Class members and

their addresses are currently unknown to Plaintiff, but can be obtained from Defendants' records. Class members may be notified of the pendency of this action by first-class or electronic mail, supplemented (if deemed necessary or appropriate by this Court) by published notice.

12. **Commonality and Predominance**: There are well-defined interest and common questions of law and facts that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member.

13. **Typicality of Claims**: Plaintiff's claims are typical of the claims of the Class members because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the member of the Class are all homeowners or condominium unit owners, including persons owing a debt, who received notice of demand/collection letters from Defendants and sustained damages as a result of Defendant's wrongful conduct as complained of in this action. Defendants used and presently use standardized notice demand forms for all of its clients whom Defendants represented in their attempt to collect a debt and thus common to the Class. As alleged herein, Plaintiff's claims are typical of the claims of all other consumers who received a Demand/Collection Letter from Defendants.

14. **Adequacy of Representation**: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interest of the members of the Class she seeks to represent. Plaintiff has retained competent counsel in this action and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be

fairly and adequately protected by Plaintiff and her counsel.

15. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims common to all Class member is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the hundreds of thousands of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct, are too small to warrant the expenses and time of individual suits. The likelihood of individual Class member prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting in multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.

16. Damages may be computed from the financial information maintained in and by Defendant's records so that the cost of administering a recovery for the Class is minimized.

## BACKGROUND FACTS PARTICULAR TO MICHELLE COX

17. On or about August 10, 2007, the Sanctuary of Arlington Heights Condominium Association (the "Association"), through its agent, Summit Management Specialists, Inc.,

("SMS"), sent Plaintiff a notice demanding payment for the August assessment fee in the amount of $348.35 plus a $35.00 late fee for a total of $383.35. This notice letter ("Association First Letter") stated that "[i]f payment is not received by the 15th of next month [i.e., September 15, 2007] this account will be referred to our law firm for collection."

18. In September, Plaintiff paid her September condominium association fee. The Plaintiff's payment was recorded by the Association's management company, SMS on SMS's account ledger on September 12.

19. On or about September 14, the Association, through its agent, SMS, sent Plaintiff a second notice letter ("Association Second Letter") demanding a payment of $766.70, which did not include an itemized list of the charges. The Association Second Letter was titled "Notice of Attorney Action." Although the Association Second Letter was dated on September 10, 2007, it was not mailed by the Association until September 14, and received by the Plaintiff on September 15. This Association Second Letter further notified Plaintiff of its intention to refer Plaintiff's account to the defendant FVF for further collection action.

20. On or about September 14, 2007, Defendants sent Plaintiff a notice letter ("Demand/Collection Letter"). This Demand/Collection Letter is titled "Notice and Demand for Possession." The Demand/Collection Letter is a one page containing three paragraphs. The first paragraph of Demand/Collection Letter demanded Plaintiff full payment in the amount of $766.70 plus $210.62 in legal fee and costs for the total amount of $977.32. Included in the mailing of this Demand/Collection Letter was a notarized certification of mailing signed by Fullett as attorney for the Association.

21. The Demand/Collection Letter further stated in the second paragraph that "unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED." (Emphases in original).

22. At the bottom of the one page Demand/Collection Letter is the third paragraph in bold, uppercase words:

> **UNLESS YOU NOTIFY OUR OFFICE WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF IT IS DIFFERENT THAN WHAT IS SHOWN ABOVE.** (Emphases in original).

23. At the bottom of the Demand/Collection Letter is one sentence requesting a debtor to contact Defendants' office if he or she has any questions.

24. When Plaintiff received the Association Second Letter, Plaintiff notified by phone the Association and SMS to dispute that the $766.70 amount demanded in the Association Second Letter was incorrect but was refused a discussion as to the correct assessment amount.

25. On or about September 24, 2007, Plaintiff's counsel disputed in writing the $766.70 amount plus attorney fee for the total amount of $977.32.

26. On or about October 26, 2007, Fullett replied to Plaintiff's counsel by facsimile stating that actual amount owed and due to Association was in fact only $383.35 plus a $35.00 late fee and $210.62 in attorney fee for a total of $628.97. Enclosed in Defendants' facsimile is a three-page printout of SMS's account ledger of Plaintiff's account.

> COUNT I: VIOLATION OF VALIDATION REQUIREMENTS UNDER SECTION 1692g(a)(4) and (b) OF THE FDCPA, 15 U.S.C. § 1692 *et seq*.

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26.

28. Count I is brought on behalf of Subclass A. Subclass A is comprised of all persons who, according to Defendants' records, meet the following criteria:

   A. All persons who resided and resides in Illinois and received a form notice letter similar to the Demand/Collection Letter sent to Plaintiff. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

   B. Those persons whose notice Demand/Collection Letters were sent but were not returned by the postal service as undelivered or undeliverable.

29. Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty (30) days of an initial communication from a debt collector.

30. Section 1692g(a)(4) provides, in pertinent part, that the notice of debt must contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

31. Under the FDCPA, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from

the perspective of the reasonably unsophisticated consumer.

32. The Demand/Collection Letter sent by the Defendants on September 14, 2007 was the first collection letter received by the Plaintiff.

33. The Demand/Collection Letter sent to the Plaintiff on or about September 14, 2007 does not properly provide all information required by section 1692g (a)(4) of the FDCPA and therefore violates the law.

34. The Demand/Collection Letter sent to the Plaintiff on or about September 14, 2007 incorrectly sets forth some of the information required by section 1692g of the FDCPA and therefore violates the law.

WHEREFORE, Plaintiff, Michelle Cox, on behalf of herself and all others similarly situated, respectfully prays this Court that judgment be entered in her favor and against Defendant, Stuart A. Fullett, individually and as partner of Fosco, VanderVennet & Fullett, P.C., and Defendant professional corporation, Fosco, VanderVennet & Fullett, P.C., as follows:

A. For an award of Plaintiff's actual or statutory damages, or both, in the amount of one thousand dollar ($1000) as permitted under section 1692k(a)(1) and (2);

B. For an award of damages for the members of the Class in the amount of five hundred thousand dollar ($500,000) as permitted under section 1692k(a)(2)(B);

C. For Plaintiff's attorney fee, costs, and expenses pursuant to section 1692k(a)(3);

D. A declaration that FVF's practice of sending collection letters materially identical or substantially similar to the letter sent to Plaintiff on or about September 14, 2007 violates the FDCPA; and

E. For such other or further relief as this Court deems just and equitable.

COUNT II:  DECEPTIVE AND MISLEADING REPRESENTATION IN VIOLATION OF SECTION 1692e OF THE FDCPA

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26.

36. Count II is brought on behalf of Subclass B. Subclass B is comprised of all persons who, according to Defendants' records, meet the following criteria:

    A. All persons who received a collection letter like the Demand/Collection Letter received by Plaintiff that was sent *at a time Defendants were not authorized or assigned to collect the debt*. Excluded from the Class are Defendants, any entity in which Defendant has a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

    B. Those persons whose notice Demand/Collection Letters were sent but were not returned by the postal service as undelivered or undeliverable.

37. Section 1692e provides, in pertinent part, a non-exclusive list of practices deemed to be unlawful under the Act. Specifically, section 1692e(2)(A) stated that it is a violation of the Act to falsely represent "the character, amount or legal status of any debt."

38. When Defendants sent the one-page Demand/Collection Letter on September 14, 2007, Defendants neither had the authority nor were Defendants assigned by the Association to collect the debt because the Association in its Association First Letter gave Plaintiff until September 15, 2007 to pay the August 2007 condominium assessment fee.

39. Because Defendants could not have lawfully obtained the legal status of the debt until at least after September 15, 2007, the day after which the Association had given Plaintiff to pay before taking further action, Defendants violated section 1692e prohibiting the use of deceptive and misleading representation that Defendants had the authority to collect on the debt when in fact the Defendants did not.

WHEREFORE, Plaintiff, Michelle Cox, on behalf of herself and all others similarly situated, respectfully prays this Court that judgment be entered in her favor and against Defendant, Stuart A. Fullett, individually and as partner of Fosco, VanderVennet & Fullett, P.C., and Defendant Corporation, Fosco, VanderVennet & Fullett, P.C., as follows:

    A. For an award of Plaintiff's actual or statutory damages, or both, in the amount of one thousand dollar ($1000) as permitted under section 1692k(a)(1) and (2);

    B. For an award of damages for the members of the Class in the amount of five hundred thousand dollar ($500,000) as permitted under section 1692k(a)(2)(B);

    C. For Plaintiff's attorney fee, costs, and expenses pursuant to section 1692k(a)(3); and

    D. For such other or further relief as this Court deems just and equitable.

### COUNT III: FURNISHING DECEPTIVE FORMS ("FLAT RATING") IN VIOLATION OF SECTION 1692j

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26.

41. Count III is brought on behalf of Subclass C. Subclass C is comprised of all persons who, according to Defendants' records, meet the following criteria:

    A. All persons who received a standardized collection form letters like the Demand/Collection Letter that the Plaintiff received on or about September 15, 2007, except for the amount of the alleged debt and the name of the creditors to which the alleged debt is owed and due. Excluded from the Class are Defendants, any entity in which Defendant has a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

    B. Those persons whose notice collection form letters were sent but were not returned by the postal service as undelivered or undeliverable.

42. Section 1692j prohibits a person "to design, compile and furnish any form knowing that such form would be used to created the false believe in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."

43. Defendants provided such forms in violation of section 1692j but did not actively participate in the collection activities and, therefore, are liable under section 1692k as permitted by section 1692j(b).

WHEREFORE, Plaintiff, Michelle Cox, on behalf of herself and all others similarly situated, respectfully prays this Court that judgment be entered in her favor and against Defendant, Stuart A. Fullett, individually and as partner of Fosco, VanderVennet & Fullett, P.C., and Defendant Corporation, Fosco, VanderVennet & Fullett, P.C., as follows:

A. For an award of Plaintiff's actual or statutory damages, or both, in the amount of one thousand dollar ($1000) as permitted under section 1692k(a)(1) and (2);

B. For an award of damages for the members of the Class in the amount of five hundred thousand dollar ($500,000) as permitted under section 1692k(a)(2)(B);

C. For Plaintiff's attorney fee, costs, and expenses pursuant to section 1692k(a)(3); and

D. For such other or further relief as this Court deems just and equitable.

Respectfully Submitted,

By: s/Kenneth M. DucDuong
    Attorney for Plaintiff, Michelle Cox

Kenneth M. DucDuong, Esq.
Attorney No. 6286069 (IL)

KMD PARTNERS LAW OFFICES

1055 W. Catalpa Ave. #216
Chicago, IL 60640
(773) 561-6587 Voice
(773) 751-5065 Fax
k.ducduong@kmdpartners.biz

**JURY DEMANDED**

Plaintiff demands trial by jury

By: s/Kenneth M. DucDuong
Attorney for Plaintiff, Michelle Cox

Kenneth M. DucDuong, Esq.
Attorney No. 6286069 (IL)

KMD PARTNERS LAW OFFICES
1055 W. Catalpa Ave. #216
Chicago, IL 60640
(773) 561-6587 Voice
(773) 751-5065 Fax
k.ducduong@kmdpartners.biz