**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE COX, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 6592 |
| v. | ) ) | Judge Blanche Manning |
| STUART A. FULLETT, individually and as partner of Fosco, VanderVennet & Fullett, P.C., and FOSCO, VANDERVENNET & FULLETT, P.C., | ) ) ) ) ) | Magistrate Judge Martin Ashman |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants, STUART A. FULLETT, and FOSCO, VANDERVENNET & FULLETT, P.C., by and through their attorneys David M. Schultz and Jennifer W. Weller, and for their answer to Plaintiff's Complaint, state as follows:

Defendants deny that a response is required to Plaintiff's introductory paragraph, however, should a response be required, Defendants admit only that Plaintiff's complaint purports to be brought pursuant to the FDCPA. In further answering, Defendants deny that Defendants have violated the FDCPA, or that Plaintiff is entitled to any damages.

## JURISDICTION

1.     This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1332(d)(2) because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. § 1692(k).

**ANSWER:     Defendants admit that the court has jurisdiction but Defendants deny that the applicable Section conferring jurisdiction is 28 U.S.C. 1332(d)(2).**

## VENUE

2.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c). A substantial part of the events and conduct giving rise to the violations of law complained herein occurred in or emanated from this District. Plaintiff is domiciled in this District, and the wrongs complained of herein emanated from this District. Defendants are located or conduct business with consumers in this District.

**ANSWER:    Defendants admit that venue is proper in this district.    However,**

**Defendants deny that they have violated the law or engaged in any wrongs as alleged in**

**paragraph 2.**

## THE PARTIES

3.      Plaintiff, Michelle Cox ("Cox"), is a citizen of the State of Illinois and resides in the Village of Arlington Heights in Cook County, Illinois.

**ANSWER:    Defendants admit the allegations contained in paragraph 3.**

4.      Cox is a "consumer" as section 1692a(3) of the FDCPA defines that term.

**ANSWER:    Defendants admit the allegations contained in paragraph 4.**

5.      The alleged debt that the Defendants attempted to collect from Cox is a consumer debt for Cox's personal, household or family purposes as defined under section 1692a(5).

**ANSWER:    Defendants admit the allegations contained in paragraph 5.**

6.      Defendant, STUART A. FULLETT ("Fullett"), was and is an attorney registered to practice law in the State of Illinois. Besides his practice of law, Fullett is regularly engaged in the business of the collection of debts allegedly owed by consumers through correspondences and phone calls.  Fullett is a debt collector as that term is defined under section 1692a(6).

**ANSWER:    Defendants admit the allegations contained in sentence 1 of paragraph**

**6.  In further answering the allegations contained in paragraph 6, Defendants admit only**

**that Stuart Fullett may be considered a debt collector for some purposes, however,**

**Defendants deny plaintiff's characterization of his practice.**

7.      FOSCO, VANDERVENNET & FULLETT, P.C., ("FVF") was and is an Illinois professional corporation law firm, registered to do business in the State of Illinois and has its

2

principal office located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004. Besides its practice of law, FVF is regularly engaged in the business of collection of debts allegedly owed by consumers through correspondence and phone calls and therefore is a "collection agency or agency" as defined by the Illinois Collection Act, 225 ILCS 425/2.02 and a debtor collector as that term is defined under section 1692a(6).

**ANSWER:    Defendants admit the allegations contained in sentence 1 of paragraph 7.  Defendants admit that only for some purposes FVF engages in the collection of debts for condominium and homeowners' associations and Defendants deny the remaining allegations because they deny Plaintiff's characterization of FVF's conduct.   Moreover Defendants state that the Illinois Collection Agency Act's excludes attorneys.   225 ILCS 425/2.03.**

## CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated, as members of the proposed Plaintiff Class (the "Class") and, under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedures.

**ANSWER:    Defendants admit that Plaintiff purports to bring this action on behalf of the class, however, Defendants deny that a class exists or that one should be certified. Defendants further deny that injunctive relief is available pursuant to the FDCPA and accordingly Defendants deny that a class can or should be certified pursuant to Rule 23(b)(2).**

9.      Beginning at least as early as in 2002, the exact date and year being unknown to Plaintiff, and continuing to the present, Defendants represent hundreds of community Associations and other condominium Associations in Illinois, including the Plaintiff's Sanctuary of Arlington Heights Condominium Association, as it is advertised at Defendants' website, www.fvflaw.com. As part of Defendants' law practice, Defendants regularly send condominium unit owners and homeowners' collection letters that are in similar form like Plaintiff's Demand/Collection Letter, which failed to contain the required information in violation of section 1692g of the Act.

**ANSWER:    Defendants admit only that they represent condominium associations in Illinois, including the Sanctuary of Arlington Heights Condominium Association.**

3

**Defendants further admit that FVF's website is www.fvflaw.com. Defendants deny the**

**allegations contained in sentence 2 of paragraph 9 because Defendants deny any violation**

**of the FDCPA and deny Plaintiff's characterization of Defendant's correspondence.**

10.     This action is brought and may be properly be maintained as a class action pursuant to the provisions of 735 ILCS 5/2-801, et seq. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendants' possession. Due to the nature of the trade and business involved and the fact that Defendants regularly represented and presently represents many condominium Associations in Illinois like the Sanctuary of Arlington Heights Condominium Association in the present action, Plaintiff believe that the class numbers are in the hundreds, and the class members are so numerous and dispersed geographically that their joinder in this action is impracticable.

**ANSWER:     Defendants deny the allegations contained in paragraph 10 because**

**Defendants deny that the Illinois Code of Civil Procedure has any applicability as to**

**whether Plaintiff can maintain a class action in federal court.**

11.     Numerosity/Impracticality of Joinder: The members of the Class are so numerous that joinder of all Class members is impracticable. The precise number of Class members and their addresses are currently unknown to Plaintiff, but can be obtained from Defendants' records. Class members may be notified of the pendency of this action by first-class or electronic mail, supplemented (if deemed necessary or appropriate by this Court) by published notice.

**ANSWER:     Defendants deny that a class exists or that one should be certified and**

**accordingly, Defendants deny the allegations contained in paragraph 11.**

12.     Commonality and Predominance: There are well-defined interest and common questions of law and facts that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member.

**ANSWER:     Defendants deny that a class exists or that one should be certified and**

**accordingly, Defendants deny the allegations contained in paragraph 12.**

13.     Typicality of Claims: Plaintiff's claims are typical of the claims of the Class members because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the member of the Class are all homeowners or condominium unit owners,

6277998v1 884432

including persons owing a debt, who received notice of demand/collection letters from Defendants and sustained damages as a result of Defendant's wrongful conduct as complained of in this action. Defendants used and presently use standardized notice demand forms for all of its clients whom Defendants represented in their attempt to collect a debt and thus common to the Class. As alleged herein, Plaintiff's claims are typical of the claims of all other consumers who received a Demand/Collection Letter from Defendants.

**ANSWER:     Defendants deny the allegations contained in paragraph 13.**

14.     Adequacy of Representation: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interest of the members of the Class she seeks to represent. Plaintiff has retained competent counsel in this action and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

**ANSWER:     Defendants deny the allegations contained in paragraph 14.**

15.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims common to all Class member is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the hundreds of thousands of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct, are too small to warrant the expenses and time of individual suits. The likelihood of individual Class member prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting in multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.

**ANSWER:     Defendants deny the allegations contained in paragraph 15.**

16.     Damages may be computed from the financial information maintained in and by Defendant's records so that the cost of administering a recovery for the Class is minimized.

**ANSWER:     Defendants deny the allegations contained in paragraph 16.**

### BACKGROUND FACTS PARTICULAR TO MICHELLE COX

17.     On or about August 10, 2007, the Sanctuary of Arlington Heights Condominium Association (the "Association"), through its agent, Summit Management Specialists, Inc., ("SMS"), sent Plaintiff a notice demanding payment for the August assessment fee in the amount

of $348.35 plus a $35.00 late fee for a total of $383.35. This notice letter ("Association First Letter") stated that "[i]f payment is not received by the 15th of next month [i.e., September 15, 2007] this account will be referred to our law firm for collection."

**ANSWER:    Upon information and belief, on August 10, 2007, the Sanctuary of Arlington Heights sent Plaintiff a document entitled "Late Notice" stating an assessment amount of $348.35 and late fees in the amount of $35.00 for a total of $383.35. Defendants admit that the statement "if payment is not received by the 15th of next month this account will be referred to our law firm for collection" was contained in the August 10, 2007 letter. Defendants are without knowledge or information sufficient to form a belief as to the truth and the remaining allegations contained in paragraph 17.**

18.    In September, Plaintiff paid her September condominium Association fee. The Plaintiff's payment was recorded by the Association's management company, SMS on SMS's account ledger on September 12.

**ANSWER:    Defendants admit only that the Association received Plaintiff's payment on or about September 12, 2007, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

19.    On or about September 14, the Association, through its agent, SMS, sent Plaintiff a second notice letter ("Association Second Letter") demanding a payment of $766.70, which did not include an itemized list of the charges. The Association Second Letter was titled "Notice of Attorney Action." Although the Association Second Letter was dated on September 10, 2007, it was not mailed by the Association until September 14, and received by the Plaintiff on September 15. This Association Second Letter further notified Plaintiff of its intention to refer Plaintiff's account to the defendant FVF for further collection action.

**ANSWER:    Defendants admit only that the Sanctuary of Arlington Heights sent Plaintiff a letter dated September 10, 2007 entitled "Notice of Attorney Action" which set forth Plaintiff's delinquent balance in the amount of $766.70. Defendants further admit that the September 10, 2007 letter stated "please be advised of the Association intent to turn over your account that has a delinquent balance in the amount of $766.70 to the**

6

Association attorney for collection." **Defendants deny the remaining allegations contained in paragraph 19 to the extent that they are inconsistent with the September 10, 2007 correspondence.**

20.    On or about September 14, 2007, Defendants sent Plaintiff a notice letter ("Demand/Collection Letter"). This Demand/Collection Letter is titled "Notice and Demand for Possession." The Demand/Collection Letter is a one page containing three paragraphs. The first paragraph of Demand/Collection Letter demanded Plaintiff full payment in the amount of $766.70 plus $210.62 in legal fee and costs for the total amount of $977.32. Included in the mailing of this Demand/Collection Letter was a notarized certification of mailing signed by Fullett as attorney for the Association.

**ANSWER:    Defendants admit that on or about September 14, 2007, they sent Plaintiff a letter entitled "Notice and Demand for Possession."  Defendants deny the allegations contained in sentence 3 of paragraph 20.  Defendants admit that in the first paragraph it states "This is your notice pursuant to Sec. 9-102, et seq. of the Illinois Code of Civil Procedure that as of September 12, 2007, the records of the Association indicate that you are in default of your ongoing obligation due to The Sanctuary of Arlington Heights Condominium Association in the sum of $766.70 for your proportionate share of the expenses of the administration, maintenance and repair of the common elements/areas and other expenses lawfully agreed upon due an owing at least in part since August 2007, as well as the sum of $210.62 in legal fees and costs in attempting to collect this account, for a total sum of $977.32."  Defendants further admit that Stuart Fullett signed a certificate of mailing.  Defendants deny the remaining allegations to the extent that they are inconsistent with the September 14, 2007 correspondence.**

21.    The Demand/Collection Letter further stated in the second paragraph that "unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED." (Emphases in original).

6277998v1 884432

**ANSWER:   Defendants admit that the quoted statement is contained in Defendants' September 14, 2007 letter and deny the plaintiff's characterization of the letter.**

22.     At the bottom of the one page Demand/Collection Letter is the third paragraph in bold, uppercase words:  UNLESS YOU NOTIFY OUR OFFICE WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF IT IS DIFFERENT THAN WHAT IS SHOWN ABOVE. (Emphases in original).

**ANSWER:   Defendants deny that the September 14, 2007 letter is one page. Defendants admit that the quoted paragraph is in paragraph 3 of Defendants' September 14, 2007 letter and deny Plaintiff's characterization of the letter.**

23.     At the bottom of the Demand/Collection Letter is one sentence requesting a debtor to contact Defendants' office if he or she has any questions.

**ANSWER:   Defendants admit that the September 14, 2007 states "should you have any questions or wish to discuss this matter further, please contact our office at 847-222-9600" and deny Plaintiff's characterization of the letter.**

24.     When Plaintiff received the Association Second Letter, Plaintiff notified by phone the Association and SMS to dispute that the $766.70 amount demanded in the Association Second Letter was incorrect but was refused a discussion as to the correct assessment amount.

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.**

25.     On or about September 24, 2007, Plaintiffs counsel disputed in writing the $766.70 amount plus attorney fee for the total amount of $977.32.

**ANSWER:   Defendants admit that Kenneth M. DucDuong sent a letter to Stuart A. Fullett which contained a sentence stating "our clients, the Cox, dispute any and all amount that was claimed as currently owed and due to Sanctuary of Arlington Heights**

8

Condominium Association (the "Association") by your law firm."  Defendants deny the remaining allegations contained in paragraph 25 to the extent that they are inconsistent with the September 24, 2007 correspondence.

26.     On or about October 26, 2007, Fullett replied to Plaintiff's counsel by facsimile stating that actual amount owed and due to Association was in fact only $383.35 plus a $35.00 late fee and $210.62 in attorney fee for a total of $628.97. Enclosed in Defendants' facsimile is a three-page printout of SMS's account ledger of Plaintiff's account.

**ANSWER:**    Defendants admit that on or about October 26, 2007, Stuart Fullett sent a letter to Mr. DucDuong by facsimile stating "attached please find a copy of your clients' most recent account ledger which indicates that a payment of $348.35 was received by the Association on September 12, 2007.  It is likely that this payment was not officially posted on the Association's ledger until the Notice and Demand Letter was sent out. However, the implication that the Association knowingly included in its charges an assessment fee that had already been paid is misleading at best.  As of October 18, 2007 the Notice and Demand, which was forwarded to your client, has expired.  According to the records of the Association, the amount due and owing as of October 22, 2007 is $628.97." Defendants admit a copy of an account ledger was enclosed.  Defendants deny the remaining allegations contained in paragraph 26 to the extent that they are inconsistent with the October 26, 2007 letter.

## COUNT I: VIOLATION OF VALIDATION REQUIREMENTS UNDER SECTION 1692G(A)(4) AND (B) OF THE FDCPA, 15 U.S.C. § 1692 ET SEQ.

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26.

**ANSWER:**    For their answer to paragraph 27, Defendants restate and reallege their answers to paragraphs 1 through 26 as if fully set forth herein.

28.     Count I is brought on behalf of Subclass A. Subclass A is comprised of all persons who, according to Defendants' records, meet the following criteria:

9

a.     All persons who resided and resides in Illinois and received a form notice letter similar to the Demand/Collection Letter sent to Plaintiff. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

b.     Those persons whose notice Demand/Collection Letters were sent but were not returned by the postal service as undelivered or undeliverable.

**ANSWER:     Defendants deny that a subclass exists or that one should be certified as defined in paragraph 28 and accordingly Defendants deny the allegations contained in paragraph 28.**

29.     Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty (30) days of an initial communication from a debt collector.

**ANSWER:     Defendants admit that paragraph 29 purports to paraphrase § 1692g of the FDCPA, however, Defendants deny that paragraph 29 fully or accurately sets forth that section.**

30.     Section 1692g(a)(4) provides, in pertinent part, that the notice of debt must contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

**ANSWER:     Defendants admit that the quoted statement is contained in § 1692g(a)(4).**

31.     Under the FDCPA, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

**ANSWER:     Defendants deny that Plaintiff fully or accurately sets for the law regarding communication of the validation notice pursuant to the FDCPA.**

32.    The Demand/Collection Letter sent by the Defendants on September 14, 2007 was the first collection letter received by the Plaintiff.

**ANSWER:    Defendants admit only that its September 14, 2007 letter was the first letter it sent to the Plaintiff and Defendants deny Plaintiff's characterizations of that letter.**

33.    The Demand/Collection Letter sent to the Plaintiff on or about September 14, 2007 does not properly provide all information required by section 1692g (a)(4) of the FDCPA and therefore violates the law.

**ANSWER:    Defendants deny the allegations contained in paragraph 33.**

34.    The Demand/Collection Letter sent to the Plaintiff on or about September 14, 2007 i incorrectly sets forth some of the information required by section 1692g of the FDCPA and therefore violates the law.

**ANSWER:    Defendants deny the allegations contained in paragraph 34.**

## COUNT II: DECEPTIVE AND MISLEADING REPRESENTATION IN VIOLATION OF SECTION 1692E OF THE FDCPA

35.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26.

**ANSWER:    For its answer to paragraph 35, Defendants restate and reallege their answers to paragraphs 1 through 26 as if fully set forth herein.**

36.    Count II is brought on behalf of Subclass B. Subclass B is comprised of all persons who, according to Defendants' records, meet the following criteria:

a.    All persons who received a collection letter like the Demand/Collection Letter received by Plaintiff that was sent at a time Defendants were not authorized or assigned to collect the debt. Excluded from the Class are Defendants, any entity in which Defendant has a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

b.    Those persons whose notice Demand/Collection Letters were sent but were not returned by the postal service as undelivered or undeliverable.

**ANSWER:    Defendants admit that Plaintiff purports to bring certain claims on behalf of a subclass, however, Defendants deny that a class exists or that one should be certified and accordingly Defendants deny the allegations contained in paragraph 36.**

11

37.     Section 1692e provides, in pertinent part, a non-exclusive list of practices deemed to be unlawful under the Act. Specifically, section 1692e(2)(A) stated that it is a violation of the Act to falsely represent "the character, amount or legal status of any debt."

**ANSWER:     Defendants admit only that the quoted statement is contained in §**

**1692e(2)(A) and in further answering the allegations in paragraph 37, Defendants deny**

**that Plaintiff fully or accurately sets forth the provisions of § 1692e.**

38.     When Defendants sent the one-page Demand/Collection Letter on September 14, 2007, Defendants neither had the authority nor were Defendants assigned by the Association to collect the debt because the Association in its Association First Letter gave Plaintiff until September 15, 2007 to pay the August 2007 condominium assessment fee.

**ANSWER:     Defendants deny the allegations contained in paragraph 38.**

39.     Because Defendants could not have lawfully obtained the legal status of the debt until at least after September 15, 2007, the day after which the Association had given Plaintiff to pay before taking further action, Defendants violated section 1692e prohibiting the use of deceptive and misleading representation that Defendants had the authority to collect on the debt when in fact the Defendants did not.

**ANSWER:     Defendants deny the allegations contained in paragraph 39.**

**COUNT III: FURNISHING DECEPTIVE FORMS ("FLAT RATING") IN VIOLATION OF SECTION 1692J**

40.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26.

**ANSWER:     For their answer to paragraph 40, Defendants restate and reallege its**

**answers to paragraphs 1 through 26 as if fully set forth herein.**

41.     Count III is brought on behalf of Subclass C. Subclass C is comprised of all persons who, according to Defendants' records, meet the following criteria:

a.     All persons who received a standardized collection form letters like the Demand/Collection Letter that the Plaintiff received on or about September 15, 2007, except for the amount of the alleged debt and the name of the creditors to which the alleged debt is owed and due. Excluded from the Class are Defendants, any entity in which Defendant has a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

6277998v1 884432

b.    Those persons whose notice collection form letters were sent but were not returned by the postal service as undelivered or undeliverable.

**ANSWER:    Defendants admit that Plaintiff purports to bring certain claims on behalf of a subclass, however, Defendants deny a class exists or that one should be certified and accordingly, Defendants deny the allegations contained in paragraph 41.**

42.    Section 1692j prohibits a person "to design, compile and furnish any form knowing that such form would be used to created the false believe in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."

**ANSWER:    Defendants admit that § 1692j states "it is unlawful to design, compile and furnish any form knowing that such form would be used to created the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."   Defendants deny the allegations contained in paragraph 42 to the extent that they do not state the provision of § 1692j verbatim.**

43.    Defendants provided such forms in violation of section 1692j but did not actively participate in the collection activities and, therefore, are liable under section 1692k as permitted by section 1692j(b).

**ANSWER:    Defendants deny the allegations contained in paragraph 43.**

WHEREFORE, Defendants, STUART A. FULLETT and FOSCO, VANDERVENNET & FULLETT, P.C., respectfully request that this Court judgment in their favor and against the Plaintiff and for such further relief as this Court deems appropriate and just.

6277998v1 884432

## FIRST AFFIRMATIVE DEFENSE

Defendants state that any violation of the FDCPA, which Defendants deny occurred, was unintentional and occurred in spite of procedures reasonably adapted to avoid such an error. Defendants state that they reasonably relied on their Association client and the Association's management company to provide them with the amount of Plaintiff's debt. It is Defendants understanding that the Board of Managers of The Sanctuary of Arlington Heights required payment of the monthly assessments by the 10th day of every month and accordingly, when it had not received Plaintiff's payment by September 10th, referred this account for collection to Defendants. Defendants were entitled to rely on The Sanctuary of Arlington Heights Condominium Association and the Association's managing agent to provide it with information regarding the nature and amount of Plaintiff's debt. *Heintz v. Jenkins,* 124 F.3d 824, 832 (7th Cir. 2004); *Kort v. Diversified,* 394 F.3d 530, 539 (7th Cir. 2005); *Hyman v. Tate,* 362 F.3d 965, 968 (7th Cir. 2004); and *Ross v. RJM Acquisitions,* 480 F.3d 493 (7th Cir. 2007).

6277998v1 884432

## SECOND AFFIRMATIVE DEFENSE

Defendants state that Plaintiff fails to state a claim upon which relief can be granted pursuant § 1692j of the FDCPA. Plaintiff pleads that Defendants were acting as debt collectors and that she knew they were representing her condominium association in attempting to collect her past due assessments. There are no allegations against Defendants that they were attempting to create a false belief that parties other than Defendants, acting on behalf of The Sanctuary of Arlington Heights Condominium Association, were attempting to collect Plaintiff's past due assessments.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com
Firm's #90384

/s/ Jennifer W. Weller
Jennifer W. Weller

6277998v1 884432