IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE COX, on behalf of herself and all others similarly situated, | ) ) | |
| Plaintiffs | ) ) | Case No. 07 C 6592 |
| v. | ) ) | Class Action |
| STUART A. FULLETT, individually and as shareholder of FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, P.C.; and FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, an Illinois professional corporation, | ) ) ) ) ) ) ) ) | Jury Trial Demanded  Honorable Judge Blanche M. Manning  Magistrate Judge Martin C. Ashman |
| Defendants | ) | |

**STATUS REPORT**

I.  JURISDICTION, CLAIMS AND COUNTERCLAIMS

    A.  Jurisdiction

This Court has personal and subject matter jurisdiction over the Defendants, Stuart A. Fullett and Fosco Fullett Rosenlund, P.C. f/k/a Fosco, VanderVennet & Fullett, P.C. because the matter in dispute involves a federal law arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.  The venue in this District is proper because a substantial part of the event or conduct giving rise to the instant action occurred or emanated from this District.  Plaintiff, Michelle Cox, is domiciled in this District, and the wrongs alleged in her Complaint are emanated in this District.  Defendants are located or conduct business with consumers in this District.

    B.  The Nature of the Claims and Counterclaims

Plaintiff alleges in her class action Complaint that the Defendants' collection letter sent to Plaintiff on or about September 14, 2007 violated §§ 1692g and 1692e of the FDCPA.  Plaintiff is unaware of any counterclaims asserted by Defendants in their answers in regard to Plaintiff's

- 2 -

Complaint.

## II. RELIEF SOUGHT BY PLAINTIFF AND MEMBERS OF POTENTIAL CLASS

Plaintiff is seeking actual and statutory damages under § 1692k(a)(1) and (2), including attorney's fee, expenses, and cost of suit.  Because the parties have not yet exchanged discovery information at this time, Plaintiff has not been able to determine the exact actual and statutory damages that each member of the putative class, including Plaintiff, is entitled.

## III. SERVICES OF PROCESS

Plaintiff has served all Defendants, and Defendants accepted and acknowledged Plaintiff's service of process of this instant Complaint as of January 3, 2008.

## IV. LEGAL ISSUES

The principal issues to be resolved by this Court is (1) whether or not Defendants' collection letter sent to Plaintiff on or about September 14, 2007 violated the FDCPA and (2) whether or not the case is proper for certification as a class action based on the form collection letter sent by the Defendants to other consumers including Plaintiff.

## V. FACTUAL ISSUES

Plaintiff is unaware of any major factual disputes relating to the September 14, 2007, letter in Defendants' answers.  In their answers filed by Defendants on January 31, 2008, Defendants admit that they sent the September 14, 2007, letter to Plaintiff but deny that they violate the FDCPA or in the alternative have affirmative defenses as to Plaintiff's allegations.

## VI. CASE LAW AND AUTHORITIES

The principal statute and case law that Plaintiff relies on are the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*, and *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 478 (7th Cir. 1997) (Assessment fee owed to the condominium association is a "debt"

under the FDCPA); *McCabe v. Crawford & Co.*, 272 F. Supp.3d 736 (N.D. Ill. 2003) (a failure to include the words "in writing" required by Section 1692g is a violation of the Act); *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997) (attorney defendant violated the FDCPA because debt validation notice was ineffective); *Gammon v. GC Services Partnership*, 27 F.3d 1254 (7th Cir. 1994) (unlike other jurisdictions that use the "least consumer" standard, Illinois courts analyze FDCPA claims using the "unsophisticated consumer" standard); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) (Illinois courts apply the unsophisticated consumer standard).  The *McCabe* court has held that because the FDCPA is a strict liability statute, a failure to strictly comply with the statute is a violation giving rise to liability under § 1692k.

In their answers, Defendants have argued the bona fide error defense under § 1692k(c), citing to *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004); *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493 (7th Cir. April 13, 2007); *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 531, 539 (7th Cir. 2005).

Respectfully Submitted,


*s/Kenneth M. DucDuong*
One of Plaintiff's Attorneys



| | |
|---|---|
| Kenneth M. DucDuong, Esq. | Gregory A. Zbylut, Esq. |
| Attorney No. 6286069 (IL) | Attorney No. 6287750 (IL) |
| KMD LAW OFFICE | THE LAW OFFICE OF GREGORY A ZBYLUT |
| 1055 W. Catalpa Ave. #216 | 33 N. LaSalle St., Suite 2020 |
| Chicago, IL 60640 | Chicago, IL 60602 |
| Tel.: (773) 561-6587 | Tel.: (312) 263-8333 |
| Fax: (773) 751-5065 | Fax: (312) 263-8335 |

## **CERTIFICATE OF SERVICE**

I, Kenneth M. DucDuong, one of Plaintiff's attorneys, certify that on **February 6, 2008**, I electronically filed the within Plaintiff's **Status Report**, a copy of which is attached herein and addressed to:

Attorneys for Defendants, Stuart A. Fullett and Fosco Fullett Rosenlund, P.C., f/k/a Fosco, VanderVennet & Fullett, P.C.:

David M. Schultz, Esq.
Jennifer W. Weller, Esq.
Hinshaw & Colbertson LLP
222 N. LaSalle St., #300
Chicago, IL 60601-1081
Tel.: (312) 704-3000
Fax: (312) 704-3001

                                        *s/Kenneth M. DucDuong*
                                        One of Plaintiff's Attorneys

Kenneth M. DucDuong, Esq.
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065