UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE COX, on behalf of herself and all others similarly situated, | ) ) | |
| Plaintiffs | ) | Case No. 07 C 6592 |
| | ) | |
| v. | ) | Class Action |
| | ) | |
| STUART A. FULLETT, individually and as shareholder of FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, P.C.; and FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, an Illinois professional corporation, | ) ) ) ) ) ) ) | Jury Trial Demanded<br><br>Honorable Judge Blanche M. Manning<br><br>Magistrate Judge Martin C. Ashman |
| Defendants | ) | |

## **MOTION FOR CLASS CERTIFICATION AS TO COUNT I**

Plaintiff, Michelle Cox, by and through her attorneys, Kenneth M. DucDuong and Gregory A. Zbylut, moves the Court to certify in Plaintiff's favor Class "A" as to Count I of her Complaint, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on the grounds that it is proper to maintain the instant action as a class action, and states as follows:

1. That Plaintiff brings this action on behalf of herself and all other persons similarly situated, as members of the proposed Plaintiff Class (the "Class") and under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedures;

2. That on September 14, 2007, Defendants sent Plaintiff via United States regular and certified mail a collection letter attached to this Motion as Exhibits "A-1" and "A-2";

3. That Defendants sent to other consumers collection letters that are substantially in similar form, as represented by Plaintiff's Exhibits "A-1" and "A-2", except as to exact overdue amount, the names of creditors to which the amount was due, and other specifics;

4. That this action is brought and may be properly be maintained as a class action pursuant to

- 2 -

the provisions of Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions;

5. That the consumers who are members of the Plaintiff Class are so numerous that joinder of all Class members is impracticable;

6. That there are well-defined interest and common questions of law and facts that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member;

7. That Plaintiff's claims are typical of the claims of the Class members because Plaintiff and all Class members were injured by the same wrongful practices;

8. That Plaintiff is an adequate representative of the Class because her interests do not conflict with the interest of the members of the Class that she seeks to represent. Plaintiff has retained competent counsel in this action and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be fairly and adequately protected by Plaintiff and her counsel;

9. That a class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims common to all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the hundreds of thousands of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct, are too small to warrant the expenses and time of individual suits. The

likelihood of individual Class member prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting in multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under law herein alleged and with respect to the Class would be proper; and

10. That damages may be readily computed from the financial information maintained in and by Defendant's records so that the cost of administering a recovery for the Class is minimized.

WHEREFORE, Plaintiff respectfully requests that this Court certify this instant action as a class action and certify Class "A" as to Count I of the Plaintiff's Complaint, as follows:

> To be comprised of consumers who, according to Defendants' records, (1) have an address in the State of Illinois and (2) within one year prior to the filing of this action, received from Defendants a collection letter for a debt, in a substantially similar form as the letter received by Plaintiff, in violation of § 1692g of the Fair Debt Collection Practices Act (the "Act").

In support hereof, the followings are attached:

1) Plaintiff's Collection Letter dated September 14, 2007 as Exhibits "A-1" and "A-2"

Dated: February 11, 2008

*s/Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

- 4 -

Kenneth M. DucDuong
KMD Law Office
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065
*Attorney for Plaintiff*
*Attorney # 6286069*


Gregory A. Zbylut
The Law Office of Gregory A. Zbylut
33 N. LaSalle St. #2020
Chicago, IL 60602
Tel.: (312) 263-8333
Fax: (312) 263-8335
*Attorney for Plaintiff*
*Attorney # 6287750*

0718051323-260101-02-1

CERTIFICATE OF SERVICE

I, <u>the undersigned</u>, one of Plaintiff's attorneys, certify that on <u>February 11, 2008</u>, I electronically filed the within Plaintiff's <u>Motion for Class Certification</u>, a copy of which is attached herein and addressed to:

Attorneys for Defendants, STUART A. FULLETT and FOSCO FULLETT ROSENLUND, P.C.:

David M. Schultz, Esq.
Jennifer W. Weller, Esq.
Hinshaw & Colbertson LLP
222 N. LaSalle St., #300
Chicago, IL 60601-1081
Tel.: (312) 704-3000
Fax: (312) 704-3001
jweller@hinshawlaw.com
dschultz@hinshawlaw.com

        *s/ Kenneth M. DucDuong*
        Kenneth M. DucDuong
        One of Plaintiff's Attorneys

        Kenneth M. DucDuong
        KMD Law Office
        1055 W. Catalpa Ave. #216
        Chicago, IL 60640
        Tel.: (773) 561-6587
        Fax: (773) 751-5065

# Exhibit A-1

> **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY AND ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## NOTICE AND DEMAND FOR POSSESSION

DATE:     September 14, 2007

TO:       Michelle Cox
          and All Unknown Occupants
          2234 S. Goebbert Road, Unit 216
          Arlington Heights, IL  60005

SUBJECT:  The Sanctuary of Arlington Heights Condominium Association

THIS IS YOUR NOTICE pursuant to Sec. 9-102, *et seq.* of the Illinois Code of Civil Procedure that as of September 12, 2007, the records of the Association indicate that you are in default of your ongoing obligation due to The Sanctuary of Arlington Heights Condominium Association in the sum of $766.70 for your proportionate share of the expenses of administration, maintenance and repair of the common elements/areas and other expenses lawfully agreed upon due and owing at least in part since August 2007, as well as the sum of $210.62 in legal fees and costs in attempting to collect this account, **for a total sum of $977.32.** UPON EXPIRATION OF THIS NOTICE, THE ASSOCIATION HEREBY DEMANDS POSSESSION OF THE FOLLOWING DESCRIBED PREMISES situated in the City/Village of Arlington Heights, County of Cook, State of Illinois and commonly known as: 2234 S. Goebbert Road, Unit 216, Arlington Heights, IL  60005.

This is your NOTICE that payment in full of the amount stated above is demanded of you and that, unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED. Your payment of the full amount stated must be made payable to "The Sanctuary of Arlington Heights Condominium Association" and sent to the law firm of Fosco, VanderVennet & Fullett, P.C., 1156 Shure Drive, Suite 140, Arlington Heights, IL  60004. Only FULL PAYMENT of all amounts demanded in this Notice will invalidate the demand, unless the person claiming possession or his or her agent or attorney agrees in writing to withdraw the demand in exchange for receiving partial payment.

**UNLESS YOU NOTIFY OUR OFFICE WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF IT IS DIFFERENT THAN WHAT IS SHOWN ABOVE.**

Should you have any questions or wish to discuss this matter further, please contact our office at (847) 222-9600.

A-1

# Exhibit A-2

The above-stated amount will increase with the levy of future assessments, late fees, costs, attorney's fees of collection, fines and any other expenses lawfully agreed upon, all of which must be satisfied in addition to the foregoing.

Board of Directors of The Sanctuary of<br>
Arlington Heights Condominium<br>
Association

By: _____
      One of Its Attorneys

### CERTIFICATE OF MAILING

The undersigned, being first duly sworn on oath deposes and says that the office mailed a copy of the foregoing Notice and Demand for Possession by enclosing the same in an envelope addressed to the above at the address above, and deposited same in the U.S. Mail at Arlington Heights, Illinois, certified mail, return receipt requested, and a copy by regular mail, before 7:00 p.m. on the date above, with proper postage.

_____

Subscribed and sworn to before me
this ___ day of September 2007.

_____
Notary Public

"OFFICIAL SEAL"
Jeffrey D. Styer
Notary Public, State of Illinois
My Commission Exp. 04/21/2010

CERTIFIED MAIL, RETURN RECEIPT REQUESTED
cc: Regular Mail

Fosco, VanderVennet & Fullett, P.C.
1156 Shure Drive, Suite 140
Arlington Heights, IL 60004
847/222-9600
File No. 007-1893

A-2