**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHELLE COX, on behalf of herself and all others similarly situated,<br>                    Plaintiffs<br>v.<br>STUART A. FULLETT, individually and as shareholder of FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, P.C.; and FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, an Illinois professional corporation,<br>                    Defendants | Case No. 07 C 6592<br><br>Class Action<br><br>Jury Trial Demanded<br><br>Honorable Judge Blanche M. Manning<br><br>Magistrate Judge Martin C. Ashman |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR CLASS CERTIFCATION AS TO COUNT I**

I. PROCEDURAL HISTORY

On November 21, 2007, Plaintiff, Michelle Cox, on behalf of herself and all others similarly situated, filed her Complaint and demanded for a jury trial with this Court, alleging that Defendants, Stuart A. Fullett ("Fullett"), an attorney, and his law firm Fosco Fullett Rosenlund, P.C. ("FFR") f/k/a Fosco VanderVennet Fullett, P.C., violated the Fair Debt Collection Practices Act (the "FDCPA"). On January 31, 2008, Defendants filed their answers and defenses admitting that they had mailed the September 14, 2007, letter seeking to collect a consumer debt from the Plaintiff, but denied that the letter violates the FDCPA.

II. THE DEFENDANTS' DEBT COLLECTION PRACTICE VIOLATES THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. 1692, *et seq*.

    A. The Defendants are debt collectors under § 1692(a)(6)

Defendants, Stuart A. Fullett, an attorney, and his law firm, Fosco Fullett Rosenlund, P.C., are debt collectors under § 1692(a)(6) for purposes of the FDCPA. In 1995, the United States Supreme Court resolved conflicting opinions of different courts and affirmed the 7th

- 1 -

Circuit Court's holding that a lawyer who "regularly" and "through litigation" attempts to collect a debt owed to another is covered under the FDCPA.[1]  A defendant lawyer employed by a law firm as a shareholder or associate and his law firm are jointly and severally liable under the FDCPA.[2]  In their answers, Defendants admitted that the Plaintiff is a consumer and they engage in the collection of consumer debts and may be considered as debt collectors for purposes of this action.[3]

        B.  The Defendants' practices violate the FDCPA

Defendants' debt collection practices violated the FDCPA.  On September 14, 2007, Defendants attempted to collect from Plaintiff the condominium assessment fee for the month of August.[4]  In 1997, in the seminal case of first impression, the Illinois court in *Newman* held that condominium assessment fees are a debt obligation for "personal, family or household" for purposes of FDCPA.[5]  In their answers, Defendants admitted that the debt Defendants attempted to collect from Plaintiff was a consumer debt.[6]

In this action, Plaintiff seeks to certify three classes.  However, because these classes contain certain inclusive members of each class and Plaintiff alleges several violations under the Act that arose from the same collection letter, Plaintiff is seeking certification of a class as to

---

[1] *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (Affirming the 7th Circuit Court's judgment that attorneys are covered by the FDCPA).

[2] *Bartlett v. Heibl*, 128 F.3d 497, 499-500 (7th Cir. 1997) (where a lawyer defendant "[was] sued for conduct within the scope of his agency or employment as a partner or associate of a law firm, the firm could be named along with him as a defendant, because it would be liable jointly with him for that conduct"); *see*, *also*, *Egli v. Bass*, 1998 WL 560270 (N.D. Ill. August 26, 1998) (Allegations of lawyer's involvement is sufficient to hold him liable under the FDCPA).

[3] Defendant's Answers to Compl. ¶¶ 4-7.

[4] Compl. ¶ 20.

[5] *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 478 (7th Cir. 1997) (Assessment fee owed to the condominium association is a "debt" under the FDCPA).

[6] Defendant's Answer to Compl. ¶ 5.

Count I of the Complaint.

The first class that Plaintiff seeks to certify is brought against the Defendants for their violation of § 1692g. Section 1692g requires that a debt collector provide a debtor certain information as to the debtor's statutory rights. In *McCabe v. Crawford & Company,* the District Court held that omitting the words "in writing" is a violation under § 1692g(a).[7] Where a debt collector chooses to depart from the safe harbor language discussed in *Bartlett v. Heibl*, he does so at his own risk of being sued.[8] In one of their form letters, as represented by the collection letter sent to the Plaintiff on September 14, 2007, attached herein as Exhibits "A-1" and "A-2", Defendants failed to properly provide the Plaintiff these rights by omitting the words "in writing" and, therefore, violated § 1692g of the FDCPA.[9]

Further, Defendants' letter improperly and falsely states that "[Plaintiff's] right to possession of the premises will be terminated" if full payment is not received within thirty-four days and to levy additional "fines".[10] Section 1692e prohibits the use of false and deceptive representation in communicating to a debtor. Even if the debt collector conveys the statutorily required information, he nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud and confuse the required message with uncertainty.[11] Unlike courts in other jurisdictions that use the "least sophisticated consumer standard," Illinois courts expressly use the "unsophisticated consumer standard" and apply it to

---

[7] *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742-3 (N.D. Ill. 2003), citing to *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp.2d 336, 340 (E.D.N.Y. 2002).

[8] *Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997).

[9] Compl. ¶ 22; Exhibits A-1 and A-2.

[10] Compl. ¶ 21; Exhibit A-2.

[11] *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2nd Cir. 2001).

non-lawyer and lawyer consumers alike.[12]  Although a condominium association can obtain possession of a unit under the Illinois Condominium Property Act, 765 ILCS 605, *et seq.*, such possession is not automatic.  Section 9.2 specifically allows a condominium association to "have such rights and remedies as provided in the Act or condominium instruments including the *right to maintain an action for possession* against such defaulting unit owner or his tenant for the benefit of all the other unit owners in the manner prescribed by Article IX of the Code of Civil Procedure—735 ILCS 5/9-101, *et seq.*". 765 ILCS 609/9.2.  Thus, the association must follow the procedures under law before a homeowner's rights to possession can be terminated.

In the case at bar, Defendants' collection letter states that the Plaintiff's "right to possession of the premises will be terminated" if the "full payment" is not received on or before thirty-four days.[13] (Emphasis added)  An unsophisticated consumer could interpret this sentence to mean that failure to pay within the specified time period would *automatically* result in *immediate* termination of possession.  Since this is absolutely not the case – considerations of time to write the action, file it with the court, get a hearing and likelihood of success at the hearing notwithstanding, the law provides for an automatic minimum stay of sixty days – Defendant's use of the phrase 'will be terminated' is misleading, as in all reality the Association would not be able to secure possession for at least sixty days (and probably longer), and Plaintiff would have the right to present defenses.  Therefore, Defendant's statement that Plaintiff's right to possession 'will be terminated' is deceptive in that it fails to inform the consumer that in order to terminate the right of possession, additional legal steps are necessary.  Thus Defendant's

---

[12] *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996) (Communications from debt collectors are evaluated "through the eyes of the unsophisticated consumer."); see, also, *Evory v. RJM Acquisitions Funding LLC*, 2007 WL 3071678 (7th Cir. Oct. 23, 2007); *Heller v. Graf*, 488 F.Supp.2d 686 (N.D.Ill. February 13, 2007) (Unsophisticated consumer standard also applies to the consumer who is a lawyer).

[13] Compl. ¶ 21.

statement violates Section 1692e of the FDCPA.

### III. PLAINTIFF MEETS THE CLASS CERTIFICATION REQUIREMENTS

Class certification under Rule 23 of the Federal Rules of Civil Procedures should be liberally construed to favor the maintenance of class actions.[14] A class should be certified when a plaintiff meets all four requirements of Rule 23(a) and one of the requirements of Rule 23(b). As stated below, Plaintiff meets those requirements.

When Congress enacted the FDCPA in 1977, it recognized the importance of class action in protecting consumers from debt collectors' abusive and unfair practices by expressly authorizing class action remedies.[15] Courts in this District routinely certify FDCPA claims for class action.[16] Where allegations of deceptive practices affect hundreds of consumers, courts have held that class action certification is proper.[17]

#### A. Rule 23(a)(1)—Numerosity

Rules 23(a)(1) requires that the proposed class be so numerous that joinder is impracticable. Impracticality exists where individual adjudication would take an extended period of time and joinder of all the parties would be expensive, time consuming, "[straining] already overtaxed judicial resources."[18] A class of 25-30 members has been considered sufficient

---

[14] *In re Folding Cartin Antitrust Litigation*, 75 F.R.D. 727, 731 (N.D. Ill. 1977).

[15] 15 U.S.C. 1692k(a) and (b).

[16] *See*, *e.g.*, *Gammon v. GC Services Limited Partnership*, 162 F.R.D. 313 (N.D. Ill. 1995); *Keele v. Wexler*, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. March 19, 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998).

[17] *See*, *e.g.*, *Dickson v. Chicago Allied Warehouses*, unreported, 1993 WL 362450, *8 (N.D. Ill. September 15, 1993) ("The existence of unfair or deceptive practices is clearly a question common to the class."); *Asch v. Teller, Levit & Silvertrust, P.C.*, 2001 U.S. Dist. LEXIS 13160, *4 (N.D. Ill. August 27, 2001) (Class certification is granted where plaintiff alleged claims were actionable under FDCPA).

[18] *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992).

to meet this requirement.[19]

It is not necessary that the precise number of class members be known.[20] A class action may proceed upon a reasonable estimate of the size of the proposed class, and the court is entitled to make assumptions supported by evidence submitted by a party to a finding of numerosity. A specific finding is not required where a plaintiff, like Michelle Cox here, alleges that Defendants used a standardized form collection letter in their attempt to collect a debt from consumers.[21]

Further, common sense dictates that where a defendant, like Fullett and his law firm, FFR, in this action, uses computerized, standardized form letters, the subject of which is at the core of the FDCPA allegation, such use means that Defendants would have sent a large number of these letters to consumers who owed a debt. Plaintiff will serve discovery requests on the Defendants to determine the exact size of the class. Once this information is known, Plaintiff will submit and supplement motion papers in support of her class certification request.

   B.   Rule 23(a)(2)—Commonality

The second requirement of Rule 23(a)(2) is that the case must involve at least one common question of law or fact. Where the class members have at least one common question of law or fact, a class must be certified.[22] Regarding Class "A" of Count I of Plaintiff's Complaint, the common question of fact is that Plaintiff alleges that Defendants used a form

---

[19] *See*, *e.g.*, *Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986) (Twenty nine investors constituted a sufficient large class); *Beasley v. Blatt*, 1999 U.S. Dist. LEXIS 9383 (N.D. Ill. 1994) (Twenty five members class certified).

[20] *In re Carton Folding Antitrust Litigation*, 75 F.R.D. at 730. (Specific findings not required for certification).

[21] *Id.*

[22] *Keele*, 1996 U.S. Dist. LEXIS 3253, *9 (*Rosario v. Livaditis*, 963 F.32d 1013, 1018 (7th Cir. 1992) ("A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)").

letter, in a substantially similar form to the collection letter that Defendants sent to Plaintiff, to send to other members of the class. Further, the class has the same common question of law as to whether the Defendants' form collection letters are in violation of the FDCPA because they do not have all the necessary information required under § 1692g. Plaintiff will serve discovery requests on the Defendants to determine the extent and nature of debt collection activity that was actually performed by Defendants and shall supplement motions once this information is known.

C. Rule 23(a)(3)—Typicality

The third requirement of Rule 23(a) is that the claims or defenses of the representative plaintiff be typical of the claims or defenses of the class. Rule 23(a)(3) is met if the representative's claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."[23] Here, Plaintiff's claims arise from the unlawful debt collection practices engaged by the Defendants based on the Defendant's form collection letter that is in violation of the FDCPA and are based on the same legal theory.

Illinois courts have held that a finding of commonality question often resolves the related question of typicality.[24] In this instant action, Plaintiff alleges that each member of the class received a substantially similar form letter that Plaintiff received from Defendants, the form letter of which was in violation of the FDCPA. While some members of the classes might have paid Defendants' demand for attorney fees and others might have not, courts in Illinois held that for purposes of a strict liability statute like the FDCPA "the focus [must be] the Defendants' misconduct, not whether the debt is valid or [,] … whether the consumer has paid an invalid

---

[23] *Peters v. AT&T*, 179 F.R.D. 564, 567 (N.D.Ill. 1998) (citing to *De La Fuente v. Stokely-Van Kamp, Inc.*, 713 F.2d 225 (7th Cir. 1983)).

[24] *Rosario*, 963 F.2d at 1018 (Question of typicality is often related to the question of commonality in granting class certification question).

debt."[25]  While some members of the class might have paid their debts including Defendants' demand for attorney fee, the fact that Plaintiff has not paid her debt does not defeat Plaintiff's standing to sue as a class representative.[26]  Some factual variations among class members' grievances will not defeat a class action.[27]  The fact that some members of the Plaintiff's proposed class might receive "only minimal [statutory] damages does not necessarily suffice to render an action inappropriate for class certification."[28]

    D.    Rule 23(a)(4)—Adequacy of Representation

The fourth requirement of Rule 23(a) is that the representative plaintiff must fairly and adequately protect the interests of the class.  A representative plaintiff fairly and adequate protects the interest of the class where (1) her interests are not antagonistic to or in conflict with those of the class; (2) the named plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) Plaintiff's counsel are qualified and will vigorously represent and advocate the interests of all members of the class.[29]  A general lack of sophistication does not defeat a plaintiff to act as a class representative.[30]  Here, Plaintiff's interests are identical to those of the members of the class as she has a strong interest in a successful and favorable outcome of the case.  There is no potential for conflicting interests in this action.  Plaintiff, Michelle Cox, is seeking both actual and statutory damages for herself and members of the class.  Further, Plaintiff's counsel has the diligence and commitment to litigate the case to protect the interests of

---

[25] *Keele*, 149 F.3d at 594.

[26] *Id.* at 593.

[27] *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669, 675 (N.D.Ill. 1989) (citing to *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), cert. denied, 451 U.S. 914 (1981)).

[28] *Gammon*, 162 F.R.D. at 321-322 (N.D. Ill. 1995).

[29] *Gammon*, 162 F.R.D. at 317.

[30] *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366 (1966) ("Named plaintiff's role is limited" in a class action suit).

the class.

    E.    Rule 23(b)(3)—Predominance and Superiority

In addition to meeting the requirements of Rule 23(a), the proposed class must also meet at least one provision of Rule 23(b). Plaintiff is seeking class certification under Rule 23(b)(3). Under Rule 23(b)(3), a class certification request is granted where (1) the common questions predominate over individual questions; and (2) a class action is the superior method of adjudicating the claims of individual parties. Both of these requirements are met in this action.

        1.    Common Questions of Law or Facts

Rule 23(b)(3) provides, in pertinent part, that "the questions of law or fact common to the members of the class predominate over any question affecting only individual members." This requirement is met where there is a common factual connection between all members of the class for which the law provides a remedy.[31] Here, the common factual connection between all members of the class is that the standardized collection practice engaged and used by the Defendants violates the FDCPA. The common question of law predominates over individual issues as the principal issue before this Court is whether the Defendants' standard debt collection practice and their use of the form letter, as represented by Plaintiff's collection letter, violate the FDCPA. Where a plaintiff also seeks declaratory judgment that the defendant' act violates FDCPA, the *Gammon* court said that the common question of law remains predominance in a class action claim where damages judgment is an integral part of the declaratory judgment and follows directly from any judgment decided by a court.[32] Here, because Plaintiff is seeking a declaratory judgment that the debt notice letter sent by Defendants, Fullett and FFR, to Plaintiff on September 14, 2007, violated the FDCPA, this Court's judgment that Defendants' collection

---

[31] *Daley v. Provena Hospitals*, 193 F.R.D. 526 (N.D.Ill. 2000).

[32] *Gammon*, 162 F.R.D. at 321.

letter violates the FDCPA will be part of the judgment for an award for actual and statutory damages to Plaintiff and other members of the class.

      2.    Class Action is Superior to Other Available Methods to Adjudicate this Controversy

A class action is superior to other methods of adjudication because it is unlikely that most other consumers that received the collection letter from the Defendants are aware of their rights and remedies under the law and a class action ensure that the rights of all members are protected. Further, because the amount of damages recovered by class members are small, it is unlikely and cost prohibitive for individual members to initiate their own suits. The efficiency of adjudication calls for a class action instead of individual litigation, and management of a class action should not pose a problem as it involves the Defendants' standardized practice and their use of form collection letter in their effort to collect a debt.

## IV. CONCLUSION

For the above reasons, Plaintiff respectfully requests that this Court certify this case as a class action as to Count I of the Plaintiff's Complaint and certify Class "A" as follows:

> To be comprised of consumers who, according to the Defendants' records, (1) have an address in the State of Illinois and (2) within one year prior to the date of filing of the instant action, received from Defendants a collection letter for a debt, in a substantially similar form as the letter received by Plaintiff, in violation of § 1692g of the FDCPA.

Respectfully Submitted,

*s/Kenneth M. DucDuong*
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

| | |
|---|---|
| Kenneth M. DucDuong, Esq. | Gregory A. Zbylut, Esq. |
| KMD Law Office | The Law Office of Gregory A. Zbylut |
| 1055 W. Catalpa Ave. #216 | 33 N. LaSalle St., Suite 2020 |
| Chicago, IL 60640 | Chicago, IL 60602 |
| Tel.: (773) 561-6587 | Tel.: (312) 263-8333 |

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, one of Plaintiff's attorneys, certify that on <u>February 11, 2008</u>, I electronically filed the within Plaintiff's <u>Brief in Support of Motion for Class Certification</u>, a copy of which is attached herein and addressed to:

Attorneys for Defendants, STUART A. FULLETT and FOSCO FULLETT ROSENLUND, P.C.:

David M. Schultz, Esq.
Jennifer W. Weller, Esq.
Hinshaw & Colbertson LLP
222 N. LaSalle St., #300
Chicago, IL 60601-1081
Tel.: (312) 704-3000
Fax: (312) 704-3001
jweller@hinshawlaw.com
dschultz@hinshawlaw.com


                                <u>*s/Kenneth M. DucDuong*</u>
                                One of Plaintiff's Attorneys


                                Kenneth M. DucDuong, Esq.
                                KMD Law Office
                                1055 W. Catalpa Ave. #216
                                Chicago, IL 60640
                                Tel.: (773) 561-6587
                                Fax: (773) 751-5065