**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE COX, and EVARISTO and ALICIA CALZADA, on behalf of themselves and all others similarly situated, <br>　　　　　　　Plaintiffs, <br>v. <br>STUART A. FULLETT, individually and as shareholder of FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, P.C.; and FOSCO FULLETT ROSENLUND, P.C., f/k/a FOSCO, VANDERVENNET & FULLETT, an Illinois professional corporation, <br>　　　　　　　Defendants. | <u>Proposed Amendment to Original Complaint filed on November 21, 2007</u> <br><br>Case No. 07 C 6592 <br><br>Jury Trial Demanded <br><br><br>Judge Blanche M. Manning <br><br>Magistrate Judge Martin C. Ashman |

**PROPOSED FIRST AMENDMENT TO ORIGINAL COMPLAINT**

Plaintiff, MICHELLE COX, pursuant to leave of court granted on _____, hereby amends the Plaintiff's Original Complaint, filed on November 21, 2007, as follows:

1.　The caption of the Complaint is read as represented in the above caption in this motion with (1) Evaristo and Alicia Calzada (the "Calzadas") as additional named plaintiffs, and (2) Fosco Fullett Rosenlund, P.C. as formerly Fosco, VanderVennet & Fullett, P.C.; (3) Stuart A. Fullett was and is shareholder of the law firm.

2.　Paragraph 7 is amended to read as follows: FOSCO, VANDERVENNET & FULLETT, P.C., ("FVF") was an is an Illinois professional corporation law firm, registered to do business in the State of Illinois and has its principal office located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004.  Beside its practice of law, FVF is regularly engaged in the business of collection of debts allegedly owed by consumers through correspondence and phone calls and therefore is a debt collector as that term is defined under section 1692a(6).  The phrase "a 'collection agency or agency' as defined by the Illinois Collection Act, 225 ILCS 425/2.02" is

deleted.

3.  New paragraphs, designated Paragraphs 44 through 50, are added after Paragraph 43 to read as follows:

COUNT IV: MAKING FALSE OR MISLEADING REPRESENTATIONS IN VIOLATION OF §1692e

44. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.

45. Count IV is brought on behalf of Subclass A. Subclass A is comprised of all persons who, according to Defendant's records, meet the following criteria:

   a. All persons who have resided or currently reside in Illinois and received a form notice letter similar to the Demand/Collection Letter (hereinafter "Letter") sent to Plaintiff. Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, any officers, directors or shareholders of Defendants, the legal representatives, heirs, successors and assigns of Defendants, and any Judge assigned to this action and his or her family; and

   b. Those persons to whom the Letter was sent but was not returned as undelivered or uncollectible.

46. Section 1692e states, in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. Section 1692e(10) states, in relevant part: "The use of any false representation or deceptive means to collect or attempt to collect any debt …[is a violation of this section]"

48. The letter sent to Plaintiffs contained the following statement: "…unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days

after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED."

49. The statement quoted is misleading because a reasonable person would assume that failure to pay in the given timeframe would result in immediate loss of possession, when in fact Defendant would have had to file an action under the Forcible Entry and Detainer Act, 735 ILCS 605, *et seq.*, in order to obtain possession of the unit.

50. The statement quoted is further misleading because The Illinois Forcible Entry Act requires a minimum stay of enforcement of 60 days; hence Defendant would not have been able to acquire immediate possession.

WHEREFORE, Plaintiffs, Michelle Cox, and Evaristo and Alicia Calzada, on behalf of themselves and others similarly situated, respectfully prays that this Court enter judgment in their favor and against Defendants Stuart A. Fullett, individually and as shareholder of Fosco, Fullett, Roselund, P.C. (formerly Fosco, VanderVennet and Fullett, P.C.) and Fosco, Fullett Roselund, P.C. (formerly Fosco, VanderVennet and Fullett, P.C.) as follows:

A. For an award of Plaintiff's actual damages;

B. For an award of Plaintiff's statutory damages, in the amount of one thousand dollars ($1,000.00) as permitted under §1692k(a)(2)(A);

C. For an award of damages for the members of the Class in the amount of five hundred thousand dollars ($500,000.00) as permitted under §1692k(a)(2)(B); and

D. For Plaintiff's costs of suit, together with attorney's fees, pursuant to §1692k(a)(3); and

E. For such other or further relief as this Court deems just and equitable.

4. New paragraphs as pertained to Plaintiffs Evaristo and Alicia Calzada, designated Paragraphs 26.1 through 26.6, are added after Paragraph 26 to read as follows:

## BACKGROUND FACTS PARTICULAR TO EVARISTO AND ALICIA CALZADA

26.1  On or about August 17, 2007, the Defendants sent the Plaintiffs, Evaristo and Alicia Cazalda (the "Calzadas") a collection letter demanding full payment in the amount of $1,553.50 allegedly owed and due Sheffield Towne Association ("Sheffield") plus an attorney's fee for Defendants in the amount of $210.62. This attorney's fee is the same amount as the attorney's fee Defendants demanded from Plaintiff Michelle Cox.

26.2  Except as to specific information relating to the Calzadas, the Calzada's August 17, 2007 collection letter sent by the Defendants is substantially similar in form as to the collection letter received by Plaintiff Michelle Cox.

26.3  The August 17, 2007 letter said that if "unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of this mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED." (emphasis in original)

26.4  At all time relevant to this Complaint, the Calzadas tendered payments to Defendants but disputed certain other amounts including Defendant's unreasonable attorney's fees and costs. Each and every time, Defendants refused to accept any payment that did not include their attorney's fees and costs and returned to the Calzadas their tendered checks without presentment.

26.5  As Defendants unlawfully continued to refuse to accept payments that did not include their attorney's fees and costs, they attempted to evict them for nonpayment. Shortly thereafter, the Calzadas who speak primarily Spanish vacated their home because of the Defendants' unlawful conduct. The Calzadas are elderly couple who both are in their 70s.

- 5 -

    26.6    As a directly result of Defendants' unlawful and egregious conduct in their attempt to collect a debt, the Calzadas suffered actual damages, including emotional distress.

5.    Throughout the original complaint including but not limited to prayers for relief, any reference to the word "plaintiff" will be read in singular and plural as appropriate to include the Calzadas and other unnamed plaintiffs.

6.    All other paragraphs in Plaintiff's Original Petition are retained without alteration.

Dated: <u>February 29, 2008</u>

                      *s/Kenneth M. DucDuong*
                      Kenneth M. DucDuong
                      One of Plaintiff's Attorneys

        *Counsel for Plaintiffs*:
            Kenneth M. DucDuong
            KMD Law Office
            1055 W. Catalpa Ave. #216
            Chicago, IL 60640
            Tel.: (773) 561-6587
            Fax: (773) 751-5065
            kducduong@hotmail.com

            Gregory A. Zbylut
            The Law Office of Gregory A. Zbylut
            33 N. LaSalle St. #2020
            Chicago, IL 60602
            Tel.: (312) 263-8333
            Fax: (312) 263-8335
            gzbylut@sbcglobal.net