IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE COX, EVARISTO CALZADA, and ALICIA CALZADA, on behalf of themselves and all others similarly situated,<br>      Plaintiffs,<br><br>v.<br><br>STUART A. FULLETT, individually and as shareholder of FOSCO FULLETT ROSENLUND, P.C. and FOSCO, VANDERVENNET & FULLETT, P.C.; FOSCO FULLETT ROSENLUND, an Illinois professional corporation; and FOSCO, VANDERVENNET & FULLETT, an Illinois professional corporation,<br>      Defendants. | <u>First Amended Complaint</u><br><br>Case No.:  07 C 6592<br><br>Class Action<br><br>Jury Trial Demanded<br><br>Honorable Judge Blanche M. Manning<br><br>Magistrate Judge Martin C. Ashman |

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

 Plaintiffs MICHELLE COX, and EVARISTO and ALICIA CALZADA, on behalf of themselves and all others similarly situated, by their attorneys Kenneth M. DucDuong and Gregory A. Zbylut, in support of their First Amended Complaint against STUART A. FULLETT, individually and as named shareholder of the law firms of FOSCO FULLETT ROSENLUND, P.C. and FOSCO, VANDERVENNET & FULLETT, P.C.; FOSCO FULLETT ROSENLUND, P.C., and FOSCO VANDERVENNET & FULLETT, P.C. (together as Defendants), to obtain damages, costs of suit, and other suitable relief from the Defendants, for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, state as follows:

**<u>JURISDICTION</u>**

1. This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1332(d)(2) because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C.

§ 1692(k).

**VENUE**

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c). A substantial part of the events and conduct giving rise to the violations of law complained herein occurred in or emanated from this District. Plaintiffs are domiciled in this District, and the wrongs complained of herein emanated from this District. Defendants are located or conduct business with consumers in this District.

**THE PARTIES**

3. Plaintiff Michelle Cox ("Cox") is a citizen of the State of Illinois and resides in the Village of Arlington Heights in Cook County, Illinois.

4. The alleged debt that the Defendants attempted to collect from Cox is a consumer debt for Cox's personal, household or family purposes as defined under § 1692a(5).

5. Michelle Cox and the Calzadas are "consumers" as that term is defined in § 1692a(3) of the FDCPA.

5.1 Plaintiffs Evaristo and Alicia Calzada (the "Calzadas") are citizens of the State of Illinois and reside in the City of Schaumburg in Cook County, Illinois.

5.2 The alleged debt that the Defendants attempted to collect from the Calzadas is a consumer debt for the Calzadas' personal, household or family purposes as that term is defined under § 1692a(5).

6. Defendant Stuart A. Fullett ("Fullett") was and is an attorney registered to practice law in the State of Illinois. Besides his practice of law, Fullett is regularly engaged in the business of the collection of debts allegedly owed by consumers through correspondences and phone calls. Fullett is a debt collector as that term is defined under § 1692a(6).

7. Defendant Fosco, VanderVennet & Fullett, P.C. ("FVF") was and is an Illinois professional incorporated law firm, registered to do business in the State of Illinois, whose principal office is located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004. Besides its practice of law, FVF is regularly engaged in the business of collection of debts allegedly owed by consumers through correspondence and phone calls and therefore is a debt collector as that term is defined under § 1692a(6).

7.1. Defendant Fosco Fullett Rosenlund, P.C. ("FFR") was and is an Illinois professional incorporated law firm, registered to do business in the State of Illinois whose principal office is located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004. Besides its practice of law, FFR is regularly engaged in the business of collection of debts allegedly owed by consumers through correspondence and phone calls and therefore is a debt collector as that term is defined under § 1692a(6).

7.2. FVF and FFR both have the same business address at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004, and the same voice telephone number and facsimile number. On reasonable information and belief, (1) FVF and FFR also have the same or substantially the same principals, shareholders, employees, business equipments, and other assets, and (2) up to and until December 28, 2007, inclusive, FVF was operating as a business but at this time is no longer an operating corporation. In other words, FVF and FFR are one and the same law firm.

## CLASS ACTION ALLEGATIONS

8. Plaintiffs bring this lawsuit on behalf of themselves and all other persons similarly situated, as members of the proposed Plaintiff Class (the "Class") and, under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedures.

9. Beginning as early as 2002, the exact date and year being unknown to Plaintiffs, and continuing to the present, Defendants represent community associations and condominium associations in Illinois, including Plaintiff Michelle Cox' Sanctuary of Arlington Heights Condominium Association, and Plaintiffs Evaristo and Alicia Calzadas' Sheffield Towne Association ("Sheffield"). As part of Defendants' law practice, Defendants regularly send condominium unit owners and homeowners collection letters that are in similar form, style and substance to Plaintiffs' collection letters ("Collection Letter") marked as Exhibits "A-1," "A-2", and "B", and incorporated by reference as fully set forth herein. [Exhibits A and B were previously submitted but are re-attached here for convenience.]

10. This action is brought and may be properly be maintained as a class action pursuant to the provisions of 735 ILCS 5/2-801 *et seq*. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendants' possession. Due to the nature of the trade and business involved and the fact that Defendants regularly represented and presently represents many condominium associations in Illinois like the Sanctuary of Arlington Heights Condominium Association and Sheffield Towne Association in the present action, Plaintiffs believe that the class numbers are in the hundreds, and the class members are so numerous and dispersed geographically that their joinder in this action is impracticable.

11. **Numerosity/Impracticality of Joinder**: The members of the Class are so numerous that joinder of all Class members is impracticable. The precise number of Class members and their addresses are currently unknown to Plaintiffs, but can be obtained from Defendants'

records.  Class members may be notified of the pendency of this action by first-class or electronic mail, supplemented (if deemed necessary or appropriate by this Court) by published notice.

12.  **Commonality and Predominance**:  There are well-defined interest and common questions of law and facts that predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from one Class member to another, may be determined without reference to the individual circumstances of any Class member.

13.  **Typicality of Claims**: Plaintiffs' claims are typical of the claims of the Class members because Plaintiffs and all Class members were injured by the same wrongful practices. Plaintiffs and the member of the Class are all homeowners or condominium unit owners, including persons owing a debt, who received notice of demand/collection letters from Defendants and sustained damages as a result of Defendant's wrongful conduct as complained of in this action.  Defendants used and presently use standardized notice demand forms for all of its clients whom Defendants represented in their attempt to collect a debt and thus common to the Class.  As alleged herein, Plaintiffs' claims are typical of the claims of all other consumers who received a collection letter from Defendants.

14.  **Adequacy of Representation**:  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seeks to represent.  Plaintiffs have retained competent counsel in this action and Plaintiffs intend to vigorously prosecute this action.  The interest of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

- 6 -

15. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims common to all Class member is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the hundreds of thousands of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct, are too small to warrant the expenses and time of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting in multiple trials of the same factual issues. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiffs' rights under the laws herein alleged and with respect to the Class would be proper.

16. Damages may be computed from the financial information maintained in and by Defendant's records so that the cost of administering a recovery for the Class is minimized.

## BACKGROUND FACTS PARTICULAR TO MICHELLE COX

17. On or about August 10, 2007, the Sanctuary of Arlington Heights Condominium Association (the "Association"), through its agent, Summit Management Specialists, Inc., ("SMS"), sent Michelle Cox a notice demanding payment for the August 2007

assessment fee in the amount of $383.35, which consisted of the regular $348.00 assessment, plus a $35.00 late fee. This notice letter ("Association First Letter") states that "[i]f payment is not received by the 15th of next month [i.e., September 15, 2007] this account will be referred to our law firm for collection."

18. In September, Plaintiff Michelle Cox paid her September condominium assessment fee. Her payment was recorded in account ledger of the Association's management company, SMS, on September 12.

19. On or about September 14, the Association, through its agent SMS, sent Michelle Cox a second notice letter ("Association Second Letter") demanding a payment of $766.70, which did not include an itemized list of the charges. The Association Second Letter was titled "Notice of Attorney Action." Although the Association Second Letter was dated on September 10, 2007, it was not mailed by the Association until September 14, and received by Michelle Cox on September 15. This Association Second Letter further notified Michelle Cox of its intention to refer her account to the defendant FVF for further collection action.

19.1. The Association's Rules and Regulations provide on page 3 that "[a] $15.00 late fee will be charged in the event payment of assessments due is not received from the Unit Owner by the [SMS] by the thirtieth (30th) of the month." A true and accurate copy of Page 3 of the Rules and Regulations is marked as Exhibit "C-4", attached herein and incorporated by reference as if it is fully set forth herein.

19.2. Further, Paragraph 6.10 of the Association's Bylaws state that it may bring "an action against the Owner" if "an assessment or other charge or payment is not paid within thirty (3) days after the due date." A true and accurate copy of Paragraph 6.10 of the

Association's Bylaws is marked as Exhibit "D", attached herein and incorporated by reference as if it is fully set forth herein.

20. On or about September 14, 2007, Defendants sent Plaintiff a collection letter ("Cox Letter"). The Cox Letter is titled "Notice and Demand for Possession." The Cox Letter is a two-page letter containing three paragraphs on the first page, and a signature on the second. The first paragraph of Collection Letter demanded Plaintiff full payment in the amount of $766.70 plus $210.62 in legal fees and costs for a total amount due of $977.32. The Cox Letter was signed by Fullett as attorney for the Association and notarized. The September 14, 2007 Cox Letter is marked as Exhibits "A-1" and "A-2" in Cox's motion for class certification and incorporated by reference as if it is fully set forth herein.

21. The second paragraph includes the statement that "unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED." (Emphasis in original.)

22. The third paragraph of the Cox Letter reads as follows:

> **UNLESS YOU NOTIFY OUR OFFICE WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF IT IS DIFFERENT THAN WHAT IS SHOWN ABOVE.** (Emphasis in original.)

23. At the bottom of the Collection Letter is one sentence requesting a debtor to contact Defendants' office if he or she has any questions.

24. When Cox received the Association Second Letter, she contacted the Association and SMS to dispute the $766.70 amount demanded. She requested, but was refused, a

discussion as to the correct assessment amount.

25. On or about September 24, 2007, Cox, by her counsel, disputed in writing the $977.32 demanded by the Association.

26. On or about October 26, 2007, Fullett replied, stating that actual amount owed and due to Association was in fact only $628.97, which consisted of condominium assessment fee of $383.35, a late fee in the amount of $35.00 and attorney fees in the amount of $210.62. As part of their response, Defendants included a three-page printout of SMS's account ledger for Cox.

## BACKGROUND FACTS PARTICULAR TO THE CALZADAS

26.1. On or about August 17, 2007, the Defendants sent Plaintiffs Evaristo and Alicia Calzada (the "Calzadas") a collection letter ("Calzada Letter") demanding full payment in the amount of $1,553.50 which was allegedly owed and due Sheffield Towne Association ("Sheffield"). The letter included a demand for attorney fees in the amount of $210.62. This fee is the same amount the Defendants demanded from Plaintiff Cox. The August 17, 2007 Calzada letter is marked as Exhibit "B" in Plaintiff's motion for leave and incorporated by reference as if it is fully set forth herein.

26.2. Except as to specific information relating to the Calzadas, the Calzadas' August 17, 2007 collection letter sent by the Defendants is substantially similar in form as to the collection letter received by Plaintiff Michelle Cox.

26.3. The August 17, 2007 letter states that "unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of this mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED" (emphasis in original).

26.4.  The Calzadas, individually and through their attorney, notified Defendants on more than one occasion of their objection to the attorney fees, costs and certain other charges.

26.5.  On several occasions, the Calzadas–either individually or through their attorney–attempted to tender full payment for the monthly condominium assessment fee to the Defendants.  Each time, Defendants either refused to accept payment or returned the check to the Calzadas without presentment.  Defendants informed the Calzadas that no payment would be accepted that did not include the association fees and all of the disputed amounts.

26.6.  Although Defendant Stuart Fullett was aware that the Calzadas were 1) represented by counsel because of his prior communication with the Calzadas' counsel, and 2) disputing the amounts due to the Sheffield, he sought, and was granted, an *ex parte* order of possession for the unit owned by the Calzadas.  Not only did Stuart Fullett fail to notify the Calzadas' counsel that he intended to seek possession, he failed to inform the court of the Calzadas' objections to the amounts due he was seeking.

26.7.  The Calzadas' native language is Spanish, and they have difficulty speaking and understanding English.  Furthermore, the Calzadas, who are an elderly couple in their 70's and are unsophisticated, believed that they would lose their home if they fail to pay the disputed amounts within thirty four days as demanded by Defendants.  The Calzadas moved out of their unit.

26.8.  As direct result of Defendants' unlawful and egregious conduct the Calzadas have suffered actual damages in excess of $5000.00.

## COUNT I

VIOLATION OF VALIDATION REQUIREMENTS UNDER §§ 1692g(a)(4) and (b)

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

28. Count I is brought on behalf of Subclass A. Subclass A is comprised of all persons who, according to Defendants' records, meet the following criteria:

   a. All persons who resided and reside in Illinois and received a form notice letter similar to the Collection Letter sent to Plaintiffs.

   b. Excluded from the Class are (1) Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and (2) those persons to whom a Collection Letter was sent which was returned by the postal service as undelivered or undeliverable.

29. Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty (30) days of an initial communication from a debt collector.

30. Section 1692g(a)(4) provides, in pertinent part, that the notice of debt must contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

31. Under the FDCPA, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from

the perspective of the reasonably unsophisticated consumer.

32. The collection letters sent by the Defendants on September 14, 2007 and August 17, 2007 were the first collection letters received by the Plaintiffs Cox and Calzadas, respectively.

33. The collection letters sent to the Plaintiffs on or about September 14 and August 17 in 2007 do not properly provide all information required by § 1692g (a)(4) of the FDCPA and therefore violate the FDCPA.

34. The Collection Letters sent to the Plaintiffs on or about September 14, 2007 and August 17, 2007 incorrectly set forth some of the information required by § 1692g of the FDCPA and violate the FDCPA.

WHEREFORE, Plaintiffs Michelle Cox and Evaristo and Alicia Calzada, on behalf of themselves and others similarly situated, respectfully pray that this Court enter judgment in their favor and against Defendants Stuart A. Fullett, individually and as shareholder of Fosco Fullett Rosenlund, P.C. and Fosco, VanderVennet & Fullett, P.C.; Fosco Fullett Rosenlund, P.C.; and Fosco, VanderVennet & Fullett, P.C. as follows:

    A. For an award of each Plaintiff's actual damages plus statutory damages in the amount of one thousand dollars ($1,000.00) as permitted under §§ 1692k(a)(1) and (2);

    B. For an award of damages for the members of the Class in the amount of five hundred thousand dollars ($500,000.00) as permitted under § 1692k(a)(2)(B);

    C. For Plaintiffs' attorney fees, costs, and expenses pursuant to § 1692k(a)(3);

    D. For a declaration that the Defendants' practice of sending collection letters materially identical or substantially similar to the letter sent to Plaintiffs on or about September 14, 2007 and August 17, 2007 violates the FDCPA; and

    E. For such other or further relief as this Court deems just and equitable.

## **COUNT II**

DECEPTIVE AND MISLEADING REPRESENTATION IN VIOLATION OF § 1692e OF THE FDCPA

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

36. Count II is brought on behalf of Subclass B. Subclass B is comprised of all persons who, according to Defendants' records, meet the following criteria:

    a. All persons who received a collection letter like the Collection Letter received by Plaintiff that was sent *at a time Defendants were not authorized or assigned to collect the debt*.

    b. Excluded from the Class are (1) Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and (2) those persons to whom a Collection Letter was sent which was returned by the postal service as undelivered or undeliverable.

37. Section 1692e provides, in pertinent part, a non-exclusive list of practices deemed to be unlawful under the Act. Specifically, section 1692e(2)(A) states that it is a violation of the Act to falsely represent "the character, amount or legal status of any debt."

38. Plaintiff Cox had received a letter from the Association which demanded payment by September 15, 2007. Accordingly, at the time Defendants sent the September 14, 2007 letter, the debt had not yet been assigned to the Defendants; as a result, Defendants did not have the authority to collect the debt.

39. Because Defendants did not have the authority to collect the debt, their September 14, 2007 letter was deceptive and misleading.

WHEREFORE, Plaintiffs Michelle Cox, Evaristo and Alicia Calzada, on behalf of

themselves and others similarly situated, respectfully pray that this Court enter judgment in their favor and against Defendants Stuart A. Fullett, individually and as shareholder of Fosco Fullett Rosenlund, P.C. and Fosco, VanderVennet & Fullett, P.C.; Fosco Fullett Rosenlund, P.C.; and Fosco, VanderVennet & Fullett, P.C., as follows:

    A.  For an award of each Plaintiff's actual damages plus statutory damages in the amount of one thousand dollars ($1,000.00) as permitted under §§ 1692k(a)(1) and (2);

    B.  For an award of damages for the members of the Class in the amount of five hundred thousand dollars ($500,000.00) as permitted under § 1692k(a)(2)(B);

    C.  For Plaintiff's attorney fees, costs and expenses pursuant to § 1692k(a)(3); and

    D.  For such other or further relief as this Court deems just and equitable.

## COUNT III

FURNISHING DECEPTIVE FORMS ("FLAT RATING") IN VIOLATION OF
§ 1692j

40.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

41.    Count III is brought on behalf of Subclass C. Subclass C is comprised of all persons who, according to Defendants' records, meet the following criteria:

    a.  All persons who received a standardized collection form letter like the Collection Letter that the Plaintiffs received. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

    b.  Those persons to whom a Collection Letter was sent which was returned by the postal service as undelivered or undeliverable.

42.    Section 1692j prohibits a person "to design, compile and furnish any form knowing that

such form would be used to created the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."

43. Defendants provided such forms in violation of § 1692j but did not actively participate in the collection activities and, therefore, are liable under § 1692k as permitted by §1692j(b).

WHEREFORE, Plaintiffs Michelle Cox, and Evaristo and Alicia Calzada, on behalf of themselves and others similarly situated, respectfully pray that this Court enter judgment in their favor and against Defendants Stuart A. Fullett, individually and as shareholder of Fosco Fullett Rosenlund, P.C. and Fosco, VanderVennet & Fullett, P.C.; Fosco Fullett Rosenlund, P.C.; and Fosco, VanderVennet & Fullett, P.C., as follows:

   A. For an award of each Plaintiff's actual damages plus statutory damages in the amount of one thousand dollars ($1,000.00) as permitted under §§ 1692k(a)(1) and (2);

   B. For an award of damages for the members of the Class in the amount of five hundred thousand dollars ($500,000.00) as permitted under § 1692k(a)(2)(B);

   C. For Plaintiffs' attorney fees, costs, and expenses pursuant to § 1692k(a)(3); and

   D. For such other or further relief as this Court deems just and equitable.

## COUNT IV

MAKING FALSE OR MISLEADING REPRESENTATION IN VIOLATION
OF § 1692e

44. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

45. Count IV is brought on behalf of Subclass D. Subclass D is comprised of all persons who, according to Defendants' records, meet the following criteria:

      a. All persons who have resided or currently reside in Illinois and who received a form notice letter similar to the Collection Letter sent to Plaintiff.

      b. Excluded from the class are (1) Defendants, any entity in which Defendants have a controlling interest, any officers, directors or shareholders of Defendants, the legal representatives, heirs, successors and assigns of Defendants, and any Judge assigned to this action and his or her family; and (2) those persons to whom the Collection Letter was sent which was returned as undelivered or undeliverable.

46. Section 1692e states, in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. Section 1692e(10) states, in pertinent part: "The use of any false representation or deceptive means to collect or attempt to collect any debt …[is a violation of this section]"

48. The letter sent to Plaintiffs contained the following statement: "…unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED." (emphasis in original)

49. The statement quoted in Paragraph 48 is misleading because a reasonable person would assume that failure to pay in the given timeframe would result in immediate loss of possession, when in fact Defendants would have had to file an action under the Forcible Entry and Detainer Act, 735 ILCS 605 *et seq.*, in order to obtain possession of the unit. In fact, Plaintiffs Evaristo and Alicia Calzada did so interpret the statement quoted in Paragraph 48, and as a result vacated their unit.

50. Further, the statement quoted in Paragraph 48 is misleading because The Illinois Forcible Entry Act requires a minimum stay of enforcement of 60 days; hence Defendants would

not have been able to acquire immediate possession within thirty four (34) days.

WHEREFORE, Plaintiffs Michelle Cox, and Evaristo and Alicia Calzada, on behalf of themselves and others similarly situated, respectfully pray that this Court enter judgment in their favor and against Defendants Stuart A. Fullett, individually and as shareholder of Fosco Fullett Rosenlund, P.C. and Fosco, VanderVennet & Fullett, P.C.; Fosco Fullett Rosenlund, P.C.; and Fosco, VanderVennet & Fullett, P.C., as follows:

A. For an award of each Plaintiff's actual damages plus statutory damages in the amount of one thousand dollars ($1,000.00) as permitted under §§ 1692k(a)(1) and (2);

B. For an award of damages for the members of the Class in the amount of five hundred thousand dollars ($500,000.00) as permitted under § 1692k(a)(2)(B); and

C. For Plaintiffs' attorney fees, costs of suit, and expenses pursuant to § 1692k(a)(3); and

D. For such other or further relief as this Court deems just and equitable.

## COUNT V

### UNFAIR PRACTICE IN VIOLATION OF § 1692f

51. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

52. Count V is brought on behalf of a subclass that consists of members of putative classes A, B, C, and D, inclusive. This subclass is comprised of all persons who, according to Defendants' records, meet the following criteria:

   a. All persons who have resided or currently reside in Illinois and received a form notice letter similar to the Collection Letter sent to Plaintiffs. Those persons from whom Defendants have improperly collected attorney fees and charges, including but not limited to the initial attorney fee of $210.62; and

   b. Excluded from the class are (1) Defendants, any entity in which Defendants have a

        controlling interest, any officers, directors or shareholders of Defendants, the legal representatives, heirs, successors and assigns of Defendants, and any Judge assigned to this action and his or her family; and (2) those persons to whom the Collection Letter was sent which was not returned as undelivered or undeliverable.

53. Section 1692f(1) states, in pertinent part, that it is a violation of the FDCPA when a debt collector attempts to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

54. As stated in paragraphs 19.1 and 19.2, *supra*, the Association's Rules and Regulations, and its Bylaws provide that late fees, attorney fees and other charges may be collected only if the assessment fee remains unpaid thirty (30) days after the due date.

55. Defendants improperly attempted to collect attorney fees and late charges from Plaintiff Cox on September 14, 2007, as the assessment had not been outstanding for more than thirty (30) days;

56. As stated in paragraphs 26.1 through 26.9, Defendants improperly attempted to collect, and did improperly collect, attorney fees and costs from Plaintiffs Evaristo and Alicia Calzada.

57. Therefore, Defendants violated §1692f(1).

      WHEREFORE, Plaintiffs Michelle Cox, and Evaristo and Alicia Calzada, on behalf of themselves and others similarly situated, respectfully pray that this Court enter judgment in their favor and against Defendants Stuart A. Fullett, individually and as shareholder of Fosco Fullett Rosenlund, P.C. and Fosco, VanderVennet & Fullett, P.C.; Fosco Fullett Rosenlund, P.C.; and Fosco, VanderVennet and Fullett, P.C., as follows:

A. For an award of each Plaintiff's actual damages plus statutory damages, in the amount of one thousand dollars ($1,000.00) as permitted under §§ 1692k(a)(1) and (2);

B. For an award of damages for the members of the Class in the amount of five hundred thousand dollars ($500,000.00) as permitted under § 1692k(a)(2)(B); and

C. For Plaintiffs' attorney fees, costs of suit, and expenses pursuant to § 1692k(a)(3); and

D. For such other or further relief as this Court deems just and equitable.

Dated: March 14, 2008                    Respectfully Submitted,

                                        By:  *s/ Kenneth M. DucDuong*
                                             Kenneth M. DucDuong
                                             One of Plaintiffs' Attorneys

*Counsel for Plaintiffs*:

Kenneth M. DucDuong                      Gregory A. Zbylut
KMD Law Office                           The Law Office of Gregory A. Zbylut
1055 W. Catalpa Ave. #216                33 N. LaSalle St. #2020
Chicago, IL 60640                        Chicago, IL 60602
Tel.: (773) 561-6587                     Tel.: (312) 263-8333
Fax: (773) 751-5065                      Fax: (312) 263-8335
Attorney No. 6286069 (IL)                Attorney No. 6287750 (IL)