**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE COX, EVARISTO CALZADA, and ALICIA CALZADA, on behalf of themselves and all others similarly situated, | ) ) ) | <u>Summary Judgment Motion</u> |
| Plaintiffs, | ) ) | Class Action |
| | ) | Case No.: 07 C 6592 |
| v. | ) ) | |
| STUART A. FULLETT, individually and as shareholder of FOSCO FULLETT ROSENLUND, P.C. and FOSCO, | ) ) ) | Judge Blanche M. Manning |
| VANDERVENNET & FULLETT, P.C.; FOSCO FULLETT ROSENLUND, P.C., an Illinois professional corporation; and  FOSCO, VANDERVENNET & FULLETT, P.C., an Illinois professional corporation, | ) ) ) ) ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION**
**FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT I**

## I.    PROCEDURAL HISTORY

On November 21, 2007, Plaintiffs Michelle Cox ("Cox"), and Evaristo and Alicia Calzada (the "Calzadas") (together as named Plaintiffs) on behalf of themselves and all other similarly situated, filed their class action Complaint and demanded for Jury Trial with this Court, alleging that the defendants Stuart Alan Fullett ("Fullett"), an attorney, and the defendant law firms, Fosco, VanderVennet & Fullett, P.C., ("FVF") and Fosco Fullett Rosenlund, P.C. ("FFR"), violated the Fair Debt Collection Practices Act (the "FDCPA" or "Act") (together as Defendants).  FFR and FVF are herein referred to as FVF/FFR unless it is indicated otherwise.  Defendants filed their Answers and Defenses in response to Plaintiffs' Complaint and answered Plaintiffs' interrogatories admitting that it had mailed the September 14, 2007 letter seeking to collect a debt from Plaintiff Cox and sent 1,340 other similar letters including the letter sent to Plaintiffs

0718051323-L260109-02-11

Evaristo and Alicia Calzada,[1] but denied that Defendants violated the Fair Debt Collection

Practices Act.  The parties have exchanged and answered written discovery.

    Plaintiffs now file this Motion for Summary Judgment and this brief in support thereof.

## II.    STATEMENT OF FACTS

    On September 14, 2007, Defendants, Stuart A. Fullett and FVF/FFR, mailed a letter, by

the United States Postal Services first class mail and certified mail, to Plaintiff, Michelle Cox,

seeking to collect an alleged debt, a condominium assessment fee, in the amount of $977.32

including attorney's fee.  (Copy of the letter was attached to Plaintiff Cox's Class Certification

Motion as Exhibits "A-1" and "A-2".)  In the third paragraph, the letter states in bold, uppercase

words:

> Unless you notify our office within 30 days after receipt of this notice that the
> validity of this debt, or any portion of it, is disputed, we will assume that the debt
> is valid.  If you do notify us of a dispute, we will obtain verification of the debt
> and mail it to you.  Also, upon your written request within 30 days, we will
> provide you with the name and address of the original creditor if it is different than
> what is shown above.

    The Defendants' letter further suggested that legal action may be taken, stating "… unless

your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days

after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES

WILL BE TERMINATED." (Emphasis in original)  On August 17, 2007, the Defendants sent

Plaintiffs Evaristo and Alicia Calzada a collection letter that was substantially similar in form and

content to the letter sent to Plaintiff Cox and demanded a payment of $1,764.12. (Exhibit "B")

## III.    STATEMENT OF QUESTIONS PRESENTED

    a.  Are Defendants debt collectors as defined by 15 U.S.C. § 1692a(6)?

    b.  Did Defendants fail to effectively convey all the required information of a validation

---

[1] Def. Interrog. Ans. ¶ 2.

0718051323-L260109-02-11

notice to the unsophisticated consumer in violation of 15 U.S.C. § 1692g?

## IV.    ARGUMENT

### A.  Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.

The entry of summary judgment is appropriate where there exists no genuine and material issue of fact.[2]  The Seventh Circuit Court sets forth the purposes of a motion for summary judgment to resolve action with no genuine dispute.[3]  Substantive law defines which facts are material facts and only disputes over material facts that might affect the outcome of the case will defeat summary judgment.[4]  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party."[5]  Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movant has met its burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed.2d 202 (1986).

[3] *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972) (The primary purpose of a motion for summary judgment is a procedural device for promptly  disposing of actions in which there is no genuine issue of any material fact even though such issue might have been raised by formal pleadings).

[4] *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

[5] *Id*.

0718051323-L260109-02-11

material facts" to prevent its entry.[6]  It is not sufficient for the party opposing summary judgment

to provide a scintilla of evidence supporting its case.[7]  A party may not manufacture a dispute of

facts out of a vacuum by contradicting a previous admission.[8]  Where there is no genuine dispute

of material fact, the court has no discretion in deciding whether to grant a summary judgment.[9]

The Illinois Supreme Court Rule provides a court wide discretion in summary motion for any or

all counts alleged in lawsuit.[10]

     Here, there is no dispute of material facts regarding the letter and its content that

Defendants sent to Plaintiffs Cox and Calzadas because Defendants admitted in their answers and

written interrogatories that they had sent approximately 1,340 letters that are substantially similar

to letters sent to Plaintiffs within twelve months prior to the date of filing the instant action.[11]

Thus, a grant of summary judgment is appropriate for any violations of the Fair Debt Collection

Practices Act that arose from Defendants' collection letters with respect to Plaintiffs' Complaint.

### B.  Defendants Are Debt Collectors as That Term is Defined in § 1692(a)(6)

     Defendants Stuart A. Fullett ("Fullett"), a lawyer, and his law firms, FFR/FVF, are "debt

collectors" as that term is defined under § 1692(a)(6) of the Act.  In 1995, the United States

Supreme Court resolved conflicting opinions of different courts and affirmed the 7th Circuit's

---

[6] *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986).

[7] *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512.

[8] *Heller v. Graf*, 488 F. Supp.2d 686, 690 (N.D. Ill. February 13, 2007), citing to *Piscione v. Ernst & Young, LLP,* 171 F.3d 527, 532 (7th Cir. 1999) (a party "cannot create an issue of material fact merely by manufacturing a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition."); s*ee also*, *Hansen v. Ruby Constructions Co.*, 155 Ill. App.3d 475, 508 N.E.2d 301 (1st Dist. 1987).

[9] *First State Insurance Co. v. Montgomery Ward & Co.*, Ill. App.3d 851, 642 N.E.2d 714 (1st Dist. 1994).

[10] Ill. S.Ct. Rule 192.

[11] Def. Ans. ¶¶ 20 through 23; Def. Interrog. Ans. ¶ 2.  The Calzadas letter is substantially similar in form as to Cox letter. Pl. Amend. Compl. Ex. "B"

0718051323 · L260109-02-11

holding that a lawyer who "regularly" and "through litigation" attempts to collect a debt owed to another is covered under the Act.[12]  Further, a defendant lawyer employed by a law firm as a partner or associate and his law firm are jointly and severally liable under the Act.[13]  The 2nd Circuit Court stated that whether a law firm and its attorney are debt collectors under § 1692(a)(6) depends on a number of factors including (1) the regularity and frequency of the debt collection Activity, (2) the number of such communications to debtors, (3) the assignment of employees, and (3) the implementation of a system designed to facilitate the debt collection activity.[14]

Here, Defendants regularly engage in the practice of collecting debts owed to various condominium and homeowners' associations, among others.  In correspondences to Plaintiffs, Defendants' letterhead states that Defendants are debt collectors.  In Defendants' Answers to Plaintiffs' Complaint, Defendants admitted that they are debt collectors.  Therefore, Defendants are debt collectors and their debt collection activity and conduct are covered under the FDCPA.

## C.  The "Unsophisticated Consumer" Standard Is Used to Analyze Violations of the Act.

The Fair Debt Collection Practice Act states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."[15]  It is designed to protect consumers from unscrupulous debt collectors, whether or not there is a valid debt.[16]  The Act broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any

---

[12] *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (Affirming the 7th Circuit Court's judgment that attorneys are covered by the FDCPA).

[13] *Bartlett v. Heibl*, 128 F.3d 497, 499-500 (7th Cir. 1997) (Where a defendant lawyer "[was] sued for conduct within the scope of his agency or employment as a partner or associate of a law firm, the firm could be named along with him as a defendant, because it would be liable jointly with him for that conduct"); *see also*, *Egli v. Bass*, 1998 WL 560270 (N.D. Ill. August 26, 1998) (Allegations of lawyer's involvement is sufficient to hold him liable under the FDCPA).

[14] *Goldstein v. Hutton, Ingram, Yuzek, and Gainen*, 374 F.3d 56 (2nd Cir. 2004).

[15] 15 U.S.C. § 1692(e)

[16] *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

0718051323 L260109-02-11

debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.[17] "[I]t limits 'debt' to consumer debt,"[18] and requires the debt collector to provide the consumer with his or her rights under the Act.[19]

Unlike the "least sophisticated debtor" standard used by other courts, the Seventh Circuit Court has expressly held that whether a communication or other conduct violates the Act is to be determined by analyzing it from the perspective of the "unsophisticated debtor."[20]  The court said that the "unsophisticated consumer standard protects the consumer who is uninformed, naïve, or trusting, yet it admits an objective element of reasonableness."[21]  The unsophisticated consumer standard "shields complying debt collectors from liability for unrealistic or peculiar interpretation of collection letters."[22]

The Fair Debt Collection Practices Act is a remedial, strict liability statute.  "[Because] the Act is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff."[23]  "Because the Act imposes strict liability, a consumer debtor need not show

---

[17] *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

[18] 15 U.S.C. §§ 1692d, 1692e, and 1692f.

[19] 15 U.S.C. § 1692g.

[20] *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994); *see also, Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).

[21] *Gammon, 27 F.3d at 1257.*

[22] *Id.*; s*ee also, Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Avila v. Rubin*, *supra*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("[T]he standard is low, close to the bottom of the sophistication meter"); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

[23] *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (it is a violation even if the act was unintentional); *see also, Gammon*, *supra*, 27 F.3d at 1258 (subjective intent is not required to find a violation); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *Stojanovski v. Strobl and  Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 178-79 (W.D.N.Y. 1988).

0718051323-L260109-02-11

intentional conduct by the debt collector to be entitled to damages."[24]  Further, the question of

whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the

Act.[25]

Therefore, whether Defendants Fullett and FFR/FVF violated the Act must be evaluated

from the standpoint of the unsophisticated consumer.

### D.  Defendants Fail to Effectively Convey to Plaintiffs All the Information Required by the Validation Notice under 15 U.S.C. § 1692g(a) by omitting the words "in writing".

The Fair Debt Collection Practices Act requires:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1)       the amount of the debt;
> (2)       the name of the creditor to whom the debt is owed;
> (3)       a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4)       a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5)       a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

These rights must be effectively conveyed to the consumer; they may not be contradicted,

overshadowed or confounded by other language.  For the validation notice to be effective, it

---

[24] *Russell v. Equifax A.R.S.*, 74 F.3d at 33.  *See also, Bentley v. Great Lakes Collection Bureau*, 6 F.3d at 62; *Clomon v. Jackson*, 988 F.2d at 1318.

[25] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

0718051323-L260109-02-11

"cannot be cleverly couched in such a way as to eviscerate its message."[26]  "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor."[27]  "To be adequate, the 'validation notice' must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer.  The notice also should not be overshadowed or contradicted by other messages."[28]  To be adequate and effective, section 1692g(a) of the Act provides, in pertinent part, that the debt validation notice "shall" contain all the information required under this subsection including the use of the words "in writing" required by § 1692g(a)(4).  The word "shall" requires that a debt collector to do all the acts.  Under the same ineffective validation notice as in this case, the Northern Illinois District Court in *McCabe v. Crawford Company*, citing to *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*,[29] held the defendant liable for omitting the words "in writing" required by § 1692g(a)(4) because if the debtor did not dispute in writing, the debt collector was not required to provide verification as required by § 1692g(b).[30]

Here, on September 14 and August 17 of 2007, Defendants attempted to collect from Plaintiffs Cox and the Calzadas, respectively, condominium assessment fees.[31]  The September 14 and August 17, 2007, letters failed to provide all the required information by 15 U.S.C. § 1692g(a)(4) by omitting the words "in writing" and, therefore, violated § 1692g(a).  In 1997, in the seminal case of first impression, the Seventh Circuit in *Newman* held that condominium

---

[26] *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518-19 (7th Cir. 1997).

[27] *Swanson*, 869 F.2d at 1225.

[28] *United States v. National Financial Services, Inc.*, 98 F.3d 131, 139.  *See also*, *Bartlett v. Heibl*, *supra*, 128 F.3d at 500; *Terran v. Kaplan*, 109 F.3d 1428, 1433 (9th Cir. 1997); *Russell v. Equifax A.R.S.*, 78 F.3d at 35; *Graziano v. Harrison*, 950 F.2d at 111 (citation omitted).

[29] *McCabe v. Crawford Company*, 272 F.Supp.2d 736 (N.D. Ill. 2003); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp.2d 336 (E.D.N.Y. 2002).

[30] *McCabe*, 272 F. Supp.2d at 742-745.

[31] Amend. Compl. ¶¶ 20 and 26.2.

0718051323-L260109-02-11

assessment fees are debt obligations for "personal, family or household" for purposes of Act.[32]
The *Newman* 7th Circuit specifically rejected the "credit" requirement used by courts in other
jurisdictions and held that because "common assessment [fees] were to be used to improve or
maintain commonly-owned areas, that purpose [ ] qualifies as 'personal, family or household,"
common assessment fees are a debt covered under the Act.[33]

Defendants' validation notices, as represented by Exhibits "A-1" and "B", did not include
the words "in writing" as required by § 1692g(a)(4).  Whether or not Defendants complied with
§ 1692g(a)(5) has no effect on their violation of § 1692g(a)(4) because § 1692g requires a debt
collector to include all, not some, of the requirements under the subsections of the Act. .[34]  The
fact that Defendants provided verification after Plaintiff's counsel disputed the debt is of no
consequence because the Act is a strict liability statute and a failure to follow the strict statutory
requirements is a violation.[35]  The court in *Avila* said that "[w]here a section 1692g violation is so
'clearly' evident on the face of a collection letter, a court may award summary judgment to the
FDCPA plaintiff."[36]  The Seventh Circuit Court in *Bartlett* said that if a debt collector chooses to
depart from the safe harbor of the Act, it does so at its own peril.[37]  Debt collectors that follow the
*Bartlett*'s guidance language have been held to have satisfied §§ 1692g(a) and (b) requirements.[38]

[32] *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 478 (7th Cir. 1997) (Assessment fee owed to the condominium association is a "debt" under the FDCPA).

[33] *Id.* at 481-482 (citing to Federal Trade Commission's Policy Statement, 53 Fed. Reg. at 50101 in Footnote 2).

[34] Amend. Compl. ¶ 24.

[35] *Id.*

[36] *Avila*, 84 F.3d at 226-227.

[37] *Bartlett*, 128 F.3d at 501-502.

[38] *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 419 (7th Cir. 2005), *rev'd Durkin v. Equifax Check Services, Inc.*, 2004 WL 725461 (N.D. Ill. 2004) (Reversing judgment for plaintiff holding that defendant satisfied "in writing" requirement because its validation language complied with the language proposed in *Bartlett*).

- 9 -

Where a debt collector's violation of the Act is unintentional and results from a bona fide error despite the maintenance of procedures reasonably adapted to avoid the mistakes, he is entitled to an affirmative defense under § 1692k(c).[39]  Although there is a split in different Circuits as to whether the bona fide error defense under § 1692k(c) applies to mistakes of law, the majority view is that the affirmative defense is available only for clerical and factual errors.[40] The 7th Circuit in *Nielsen* further said that the relevant intent for purposes of the affirmative defense under § 1692k(c) is whether the debt collector intends to do a certain act deemed to be in violation of a statute, not whether the debt collector intends to violate the statute in question.[41] The *Nielsen* court then held that the defendant attorney violated the Act for his failure to strictly comply with the provisions of the statute when he sent a collection letter intending to collect a debt.

Here, like the defendants in *Nielsen* and *McCabe*, Defendants Fullett and his law firms FVF/FFR intended to collect a consumer debt from Plaintiffs but failed to strictly comply with all the requirements of the FDCPA when they did not properly provide all the required information under § 1692g.[42]  Because Defendants failed to properly comply with all the requirements under § 1692g(a) by omitting the words "in writing" required by § 1692g(a)(4), the omission of which was not unintentional and a clerical or factual error, Defendants have violated the Act.

### E. Plaintiffs Reserve the Determination of Damages for the Jury

---

[39] *Hyman v. Tate*, 362 F.3d 965, 966 (7th Cir. 2004) (debt collector did not violate the FDCPA because the collection letter sent after bankruptcy discharge was a result of an unintentional error); *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493 (7th Cir. 2007) (there was no violation of the FDCPA where collection letters were sent due to the debtor's own fault); *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 531 (7th Cir. 2005) (defendant debt collector did not violate the Act where it complied with the Department of Education's regulations in collecting the debt).

[40] *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

[41] *Id. at 641*.

[42] *Nielsen*, 307 F.3d at 640; *McCabe*, 272 F.Supp.2d at 742

0718051323-L260109-02-11

By this motion, Plaintiffs seek only an award of summary judgment as to Count I of their Complaint with regard to the Defendants' liability for violations of the Fair Debt Collection Practices Act. The determination of damages, as requested in the Complaint, is reserved for trial by jury.[43] Because Plaintiffs allege various violations under the same statute, a single violation, if granted, is all that is necessary for an award for actual and statutory damages.

After the determination of liability and damages, Plaintiffs will seek an award of attorney fees pursuant to § 1692k(a)(3) of the Fair Debt Collection Practices Act.[44] "Because the Act was violated, [ ], the statute requires the award of costs and [a] reasonable attorney's fee ..." as determined by the court.[45]

## V.     CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court certified this action as class action and grant Plaintiffs summary judgment in favor of Plaintiffs, and against Defendants, as to Count I of the Complaint.

Respectfully Submitted,

s/*Kenneth M. DucDuong*
One of Plaintiffs' Attorneys

Kenneth Maurice DucDuong          Gregory Andrew Zbylut
KMD Law Office                    The Law Office of Gregory A. Zbylut
1055 W. Catalpa Ave. #216         33 N. LaSalle St. #2020
Chicago, IL 60640                 Chicago, IL 60602
Fax: (773) 751-5065               Fax: (312) 263-8335
Attorney #6286069 (IL)            Attorney #6287750 (IL)

---

[43] *Sibley v. Fulton DeKalb Collection Services*, 677 F.2d 830 (11th Cir. 1982). *See also*, *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D.Del. 1991).

[44] 15 U.S.C. § 1692k(a)(3).

[45] *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d at 28. *See also*, *Graziano v. Harrison*, 950 F.2d at 113.

0718051323 L260109-02-11