UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE COX, EVARISTO CALZADA, and ALICIA CALZADA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>STUART A. FULLETT, individually and as shareholder of FOSCO FULLETT ROSENLUND, P.C. and FOSCO, VANDERVENNET & FULLETT, P.C.; FOSCO FULLETT ROSENLUND, an Illinois professional corporation; and FOSCO, VANDERVENNET & FULLETT, an Illinois professional corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Case No. 07 C 6592<br>)<br>) Class Action<br>)<br>) Jury Trial Demanded<br>)<br>) Honorable Judge Blanche M. Manning<br>)<br>) Magistrate Judge Martin C. Ashman<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER TO PLAINTIFFS'
## FIRST AMENDED COMPLAINT FOR VIOLATION
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Defendants, STUART A. FULLETT ("Fullett"); FOSCO, VANDERVENNET & FULLETT, P.C. ("FVF"); and FOSCO FULLETT ROSENLUND, PC ("FFR"), by their attorneys David M. Schultz and Jennifer W. Weller and for their Answer to Plaintiffs' First Amended Complaint for Violation of the Fair Debt Collection Practices Act state as follows:

### JURISDICTION

1.     This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1332(d)(2) because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. § 1692(k).

**ANSWER:**     **Defendants admit that the court has jurisdiction but Defendants deny that the applicable Section conferring jurisdiction is 28 U.S.C. 1332(d)(2).**

## VENUE

2.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).  A substantial part of the events and conduct giving rise to the violations of law complained herein occurred in or emanated from this District.  Plaintiffs are domiciled in this District, and the wrongs complained of herein emanated from this District.  Defendants are located or conduct business with consumers in this District.

**ANSWER:    Defendants admit that venue is proper in this district.    However, Defendants deny that they have violated the law or engaged in any wrongs as alleged in paragraph 2.  Further Defendants deny that FFR engaged in any collection activity with Plaintiffs.**

## PARTIES

3.      Plaintiff Michelle Cox ("Cox") is a citizen of the State of Illinois and resides in the Village of Arlington Heights in Cook County, Illinois.

**ANSWER:    Defendants admit the allegations contained in paragraph 3.**

4.      The alleged debt that the Defendants attempted to collect from Cox is a consumer debt for Cox's personal, household or family purposes as defined under § 1692a(5).

**ANSWER:    Defendants deny the allegations contained in paragraph 4.**

5.      Michelle Cox and the Calzadas are "consumers" as that term is defined in § 1692a(3) of the FDCPA.

**ANSWER:    Upon information and belief, Defendants admit the allegations contained in paragraph 5.**

5.1    Plaintiffs Evaristo and Alicia Calzada (the "Calzadas") are citizens of the State of Illinois and reside in the City of Schaumburg in Cook County, Illinois.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.1.**

5.2    The alleged debt that the Defendants attempted to collect from the Calzadas is a consumer debt for the Calzadas' personal, household or family purposes as that term is defined under § 1692a(5).

**ANSWER:    Defendants deny the allegations contained in paragraph 5.2.**

2

6.    Defendant Stuart A. Fullett ("Fullett") was and is an attorney registered to practice law in the State of Illinois. Besides his practice of law, Fullett is regularly engaged in the business of the collection of debts allegedly owed by consumers through correspondences and phone calls. Fullett is a debt collector as that term is defined under § 1692a(6).

**ANSWER:    Defendants admit the allegations contained in sentence 1 of paragraph 6. In further answering the allegations contained in paragraph 6, Defendants admit only that Fullett may be considered a debt collector for some purposes, however, Defendants deny Plaintiffs' characterization of his practice.**

7.    Defendant Fosco, VanderVennet & Fullett, P.C. ("FVF") was and is an Illinois professional incorporated law firm, registered to do business in the State of Illinois, whose principal office is located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004. Besides its practice of law, FVF is regularly engaged in the business of collection of debts allegedly owed by consumers through correspondence and phone calls and therefore is a debt collector as that term is defined under § 1 692a(6).

**ANSWER:    Defendants admit the allegations contained in sentence   1 of paragraph 7. Defendants admit that only for some purposes FVF engages in the collection of debts for condominium and homeowners' associations and denies the remaining allegation contained in paragraph 7.**

7.1    Defendant Fosco Fullett Rosenlund, P.C. ("FFR") was and is an Illinois professional incorporated law firm, registered to do business in the State of Illinois whose principal office is located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004. Besides its practice of law, FFR is regularly engaged in the business of collection of debts allegedly owed by consumers through correspondence and phone calls and therefore is a debt collector as that term is defined under § 1692a(6).

**ANSWER:    Defendants admit that FFR was incorporated on September 27, 2007 and admit that it is a law firm that has been registered to do business in the State of Illinois, has been located at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004 since September 27, 2007, and has been operational since January 1, 2008. Defendants deny the remaining allegations and deny FFR acted as a debt collector with respect to Plaintiffs.**

7.2    FVF and FFR both have the same business address at 1156 Shure Drive, Suite 140, Arlington Heights, IL 60004, and the same voice telephone number and facsimile number. On reasonable information and belief, (1) FVF and FFR also have the same or substantially the same principals, shareholders, employees, business equipments, and other assets, and (2) up to and until December 28, 2007, inclusive, FVF was operating as a business but at this time is no longer an operating corporation. In other words, FVF and FFR are one and

3

the same law firm.

**ANSWER:     Defendants admit the allegations contained in sentence 1 of paragraph 7 and deny the remaining allegations contained in paragraph 7.**

## CLASS ACTION ALLEGATIONS

8.     Plaintiffs bring this lawsuit on behalf of themselves and all other persons similarly situated, as members of the proposed Plaintiff Class (the "Class") and, under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedures.

**ANSWER:     Defendants admit that Plaintiffs purport to bring this action on behalf of a class, however, Defendants deny that a class exists or that one should be certified. Defendants further deny that injunctive relief is available pursuant to the FDCPA and accordingly Defendants deny that a class can or should be certified pursuant to Rule 23(b)(2).**

9.     Beginning as early as 2002, the exact date and year being unknown to Plaintiffs, and continuing to the present, Defendants represent community associations and condominium associations in Illinois, including Plaintiff Michelle Cox' Sanctuary of Arlington Heights Condominium Association, and Plaintiffs Evaristo and Alicia Calzadas' Sheffield Towne Association ("Sheffield"). As part of Defendants' law practice, Defendants regularly send condominium unit owners and homeowners collection letters that are in similar form, style and substance to Plaintiffs' collection letters ("Collection Letter") marked as Exhibits "A-1," "A-2", and "B", and incorporated by reference as fully set forth herein. [Exhibits A and B were previously submitted but are re-attached here for convenience.]

**ANSWER:     Defendants deny the allegations contained in paragraph 9.**

10.     This action is brought and may be properly be maintained as a class action pursuant to the provisions of 735 ILCS 5/2-801 *et seq.* This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendants' possession. Due to the nature of the trade and business involved and the fact that Defendants regularly represented and presently represents many condominium associations in Illinois like the Sanctuary of Arlington Heights Condominium Association and Sheffield Towne Association in the present action, Plaintiffs believe that the class numbers are in the hundreds, and the class members are so numerous and dispersed geographically that their joinder in this action is impracticable.

**ANSWER:     Defendants deny the allegations contained in paragraph 10 because Defendants deny that the Illinois Code of Civil Procedure has any applicability as to**

4

whether Plaintiffs can maintain a class action in federal court and deny that any class exists or should be certified.

11.    **Numerosity/Impracticality of Joinder**: The members of the Class are so numerous that joinder of all Class members is impracticable.  The precise number of Class members and their addresses are currently unknown to Plaintiffs, but can be obtained from Defendants' records.  Class members may be notified of the pendency of this action by first-class or electronic mail, supplemented (if deemed necessary or appropriate by this Court) by published notice.

**ANSWER:    Defendants deny that a class exists or that one should be certified and accordingly, Defendants deny the allegations contained in paragraph 11.**

12.    **Commonality and Predominance**: There are well-defined interest and common questions of law and facts that predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from one Class member to another, may be determined without reference to the individual circumstances of any Class member.

**ANSWER:    Defendants deny the allegations contained in paragraph 12.**

13.    **Typicality of Claims**: Plaintiffs' claims are typical of the claims of the Class members because Plaintiffs and all Class members were injured by the same wrongful practices. Plaintiffs and the member of the Class are all homeowners or condominium unit owners, including persons owing a debt, who received notice of demand/collection letters from Defendants and sustained damages as a result of Defendant's wrongful conduct as complained of in this action. Defendants used and presently use standardized notice demand forms for all of its clients whom Defendants represented in their attempt to collect a debt and thus common to the Class. As alleged herein, Plaintiffs' claims are typical of the claims of all other consumers who received a collection letter from Defendants.

**ANSWER:    Defendants deny the allegations contained in paragraph 13.**

14.    **Adequacy of Representation**: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seeks to represent.  Plaintiffs have retained competent counsel in this action and Plaintiffs intend to vigorously prosecute this action.  The interest of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

**ANSWER:    Defendants deny the allegations contained in paragraph 14.**

15.    **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims common to all Class member is economically unfeasible and procedurally impracticable.  While the aggregate

damages sustained by the Class are likely in the hundreds of thousands of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct, are too small to warrant the expenses and time of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting in multiple trials of the same factual issues. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiffs' rights under the laws herein alleged and with respect to the Class would be proper.

**ANSWER:**    **Defendants deny the allegations contained in paragraph 15.**

16.    Damages may be computed from the financial information maintained in and by Defendant's records so that the cost of administering a recovery for the Class is minimized.

**ANSWER:**    **Defendants deny the allegations contained in paragraph 16.**

## BACKGROUND FACTS PARTICULAR TO MICHELLE COX

17.    On or about August 10, 2007, the Sanctuary of Arlington Heights Condominium Association (the "Association"), through its agent, Summit Management Specialists, Inc., ("SMS"), sent Michelle Cox a notice demanding payment for the August 2007 assessment fee in the amount of $383.35, which consisted of the regular $348.00 assessment, plus a $35.00 late fee. This notice letter ("Association First Letter") states that "[i]f payment is not received by the 15th of next month [i.e., September 15, 2007] this account will be referred to our law firm for collection."

**ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.**

18.    In September, Plaintiff Michelle Cox paid her September condominium assessment fee. Her payment was recorded in account ledger of the Association's management company, SMS, on September 12.

**ANSWER:**    **Defendants deny that the information provided to them by the Association at the time plaintiff's account was referred reflected a payment of September 12 and accordingly are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

19.    On or about September 14, the Association, through its agent SMS, sent Michelle Cox a second notice letter ("Association Second Letter") demanding a payment of $766.70,

6

which did not include an itemized list of the charges. The Association Second Letter was titled "Notice of Attorney Action." Although the Association Second Letter was dated on September 10, 2007, it was not mailed by the Association until September 14, and received by Michelle Cox on September 15. This Association Second Letter further notified Michelle Cox of its intention to refer her account to the defendant FVF for further collection action.

**ANSWER:** **Defendants admit only that on information and belief the Sanctuary of Arlington Heights sent Cox a letter dated September 10, 2007 entitled "Notice of Attorney Action" which set forth Cox's delinquent balance in the amount of $766.70. Defendants further admit that the September 10, 2007 letter stated "please be advised of the Association intent to turn over your account that has a delinquent balance in the amount of $766.70 to the Association attorney for collection." Defendants deny the remaining allegations contained in paragraph 19 to the extent that they are inconsistent with the September 10, 2007 correspondence.**

19.1    The Association's Rules and Regulations provide on page 3 that "[a] $15.00 late fee will be charged in the event payment of assessments due is not received from the Unit Owner by the [SMS] by the thirtieth (30th) of the month." A true and accurate copy of Page 3 of the Rules and Regulations is marked as Exhibit "C-4", attached herein and incorporated by reference as if it is fully set forth herein.

**ANSWER:** **Defendants admit that the document attached as Exhibit C-4 so states, however Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19.1**

19.2    Further, Paragraph 6.10 of the Association's Bylaws state that it may bring "an action against the Owner" if "an assessment or other charge or payment is not paid within thirty (30) days after the due date." A true and accurate copy of Paragraph 6.10 of the Association's Bylaws is marked as Exhibit "D", attached herein and incorporated by reference as if it is fully set forth herein.

**ANSWER:** **Defendants admit only that the quoted statements are contained in Exhibit D, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19.2.**

20.    On or about September 14, 2007, Defendants sent Plaintiff a collection letter ("Cox Letter"). The Cox Letter is titled "Notice and Demand for Possession." The Cox Letter is a two-page letter containing three paragraphs on the first page, and a signature on the second. The first paragraph of Collection Letter demanded Plaintiff full payment in the amount of $766.70 plus $210.62 in legal fees and costs for a total amount due of $977.32. The Cox

Letter was signed by Fullett as attorney for the Association and notarized. The September 14, 2007 Cox Letter is marked as Exhibits "A-I" and "A-2" in Cox's motion for class certification and incorporated by reference as if it is fully set forth herein.

**ANSWER:** **Defendants deny that "Defendants" sent the letter and deny sentence 1. Defendants admit that the letter attached as Exhibits A-1 and A-2 is two pages, is titled "Notice and Demand for Possession" and states "THIS IS YOUR NOTICE pursuant to Sec. 9-102, et seq. of the Illinois Code of Civil Procedure that as of September 12, 2007, the records of the Association indicate that you are in default of your ongoing obligation due to The Sanctuary of Arlington Heights Condominium Association in the sum of $766.70 for your proportionate share of the expenses of administration, maintenance and repair of the common elements/areas and other expenses lawfully agreed upon due and owing at least in part since August 2007, as well as the sum of $210.62 in legal fees and costs in attempting to collect this account for a total sum of $997.32." Defendants deny the remaining allegations.**

21.     The second paragraph includes the statement that "unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED." (Emphasis in original.)

**ANSWER:** **Defendants admit that the quoted statement is contained in the September 14, 2007 letter and deny the Plaintiffs' characterization of the letter.**

22.     The third paragraph of the Cox Letter reads as follows: UNLESS YOU NOTIFY OUR OFFICE WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF IT IS DIFFERENT THAN WHAT IS SHOWN ABOVE. (Emphasis in original.)

**ANSWER:** **Defendants admit that the quoted paragraph is in paragraph 3 of the September 14, 2007 letter and deny Plaintiffs' characterization of the letter.**

23.     At the bottom of the Collection Letter is one sentence requesting a debtor to contact Defendants' office if he or she has any questions.

**ANSWER:** **Defendants admit that the September 14, 2007 states "should you have any questions or wish to discuss this matter further, please contact our office at 847-**

8

222-9600", deny Plaintiffs' characterization of the letter, and deny the letter refers to "Defendants' office."

24.     When Cox received the Association Second Letter, she contacted the Association and SMS to dispute the $766.70 amount demanded. She requested, but was refused, a discussion as to the correct assessment amount.

**ANSWER:**     **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.**

25.     On or about September 24, 2007, Cox, by her counsel, disputed in writing the $977.32 demanded by the Association.

**ANSWER:**     **Defendants admit that Kenneth M. DucDuong sent a letter to Fullett which contained a sentence stating "our clients, the Cox, dispute any and all amount that was claimed as currently owed and due to Sanctuary of Arlington Heights Condominium Association (the "Association") by your law firm." Defendants deny the remaining allegations contained in paragraph 25 to the extent that they are inconsistent with the September 24, 2007 correspondence.**

26.     On or about October 26, 2007, Fullett replied, stating that actual amount owed and due to Association was in fact only $628.97, which consisted of condominium assessment fee of $383.35, a late fee in the amount of $35.00 and attorney fees in the amount of $210.62. As part of their response, Defendants included a three-page printout of SMS's account ledger for Cox.

**ANSWER:**     **Defendants admit only that on or about October 26, 2007, Fullett sent Kenneth DucDuong a letter and deny the remaining allegations contained in sentence 1 of paragraph 26. Defendants deny the remaining allegations.**

## BACKGROUND FACTS PARTICULAR TO THE CALZADAS

26.1     On or about August 17, 2007, the Defendants sent Plaintiffs Evaristo and Alicia Calzada (the "Calzadas") a collection letter ("Calzada Letter") demanding full payment in the amount of $1,553.50 which was allegedly owed and due Sheffield Towne Association ("Sheffield"). The letter included a demand for attorney fees in the amount of $210.62. This fee is the same amount the Defendants demanded from Plaintiff Cox. The August 17, 2007 Calzada letter is marked as Exhibit "B" in Plaintiffs motion for leave and incorporated by reference as if it is fully set forth herein.

**ANSWER:**     **Defendants deny that "Defendants" sent the letter and deny sentence**

**1. Defendants admit that Exhibit B is dated August 17, 2007, and states, "THIS IS YOUR NOTICE pursuant to Sec. 9-102, et. seq. of the Illinois Code of Civil Procedure that as of August 15, 2007, the records of the Association indicate that you are in default of your ongoing obligation due to Sheffield Towne Association in the sum of $1,553.50 for your proportionate share of the expenses of administration, maintenance and repair of the commone elements/areas and other expenses lawfully agreed upon due and owing at least in part since February 2006, as well as the sum of $210.62 in legal fees and costs in attempting to collect this account, for a total sum of $1,764.12." Defendants deny the remaining allegations.**

26.2    Except as to specific information relating to the Calzadas, the Calzadas' August 17, 2007 collection letter sent by the Defendants is substantially similar in form as to the collection letter received by Plaintiff Michelle Cox.

**ANSWER:    Defendants deny the letter was sent by "Defendants", do not know what plaintiffs mean by "substantially similar" and accordingly deny the allegations contained in paragraph 26.2.**

26.3    The August 17, 2007 letter states that "unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of this mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED" (emphasis in original).

**ANSWER:    Defendants admit that Exhibit B is dated August 17, 2007, and that it contains the quoted statement. Defendants deny the remaining allegations contained in paragraph 26.3.**

26.4    The Calzadas, individually and through their attorney, notified Defendants on more than one occasion of their objection to the attorney fees, costs and certain other charges.

**ANSWER:    Defendants deny the allegations contained in paragraph 26.4.**

26.5    On several occasions, the Calzadas-either individually or through their attorney-attempted to tender full payment for the monthly condominium assessment fee to the Defendants. Each time, Defendants either refused to accept payment or returned the check to the Calzadas without presentment. Defendants informed the Calzadas that no payment would be accepted that did not include the association fees and all of the disputed amounts.

**ANSWER:    Defendants deny the allegations contained in paragraph 26.5.**

6295021v1 884432

26.6    Although Defendant Stuart Fullett was aware that the Calzadas were 1) represented by counsel because of his prior communication with the Calzadas' counsel, and 2) disputing the amounts due to the Sheffield, he sought, and was granted, an ex parte order of possession for the unit owned by the Calzadas. Not only did Stuart Fullett fail to notify the Calzadas' counsel that he intended to seek possession, he failed to inform the court of the Calzadas' objections to the amounts due he was seeking.

**ANSWER:    Defendants admit only that a judgment was entered against the Calzadas and deny the remaining allegations contained in paragraph 26.6.**

26.7    The Calzadas' native language is Spanish, and they have difficulty speaking and understanding English. Furthermore, the Calzadas, who are an elderly couple in their 70's and are unsophisticated, believed that they would lose their home if they fail to pay the disputed amounts within thirty four days as demanded by Defendants. The Calzadas moved out of their unit.

**ANSWER:    Defendants deny "Defendants" made a demand. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26.7.**

26.8    As direct result of Defendants' unlawful and egregious conduct the Calzadas have suffered actual damages in excess of $5000.00.

**ANSWER:    Defendants deny the allegations contained in paragraph 26.8.**

## COUNT I - VIOLATION OF VALIDATION REQUIREMENTS UNDER §§ 1692(A)(4) AND (B)

27.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

**ANSWER:    For their answer to paragraph 27, Defendants restate and reallege their answers to paragraphs 1 through 26.8 as if fully set forth herein.**

28.    Count I is brought on behalf of Subclass A. Subclass A is comprised of all persons who, according to Defendants' records, meet the following criteria:

a.    All persons who resided and reside in Illinois and received a form notice letter similar to the Collection Letter sent to Plaintiffs.

b.    Excluded from the Class are (1) Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and (2) those persons to whom a Collection Letter was sent which was returned by the postal service as

11

undelivered or undeliverable.

**ANSWER:    Defendants deny that a subclass exists or that one should be certified as defined in paragraph 28 and accordingly Defendants deny the allegations contained in paragraph 28.**

29.     Section 1692g of the FDCP A requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty (30) days of an initial communication from a debt collector.

**ANSWER:    Defendants admit that paragraph 29 purports to paraphrase § 1692g of the FDCPA, however, Defendants deny that paragraph 29 fully or accurately sets forth that section.**

30.     Section 1692g(a)(4) provides, in pertinent part, that the notice of debt must contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

**ANSWER:    Defendants admit that the quoted statement is contained in § 1692g(a)(4), however defendants deny that section is "pertinent."**

31.     Under the FDCPA, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

**ANSWER:    Defendants deny that Plaintiffs fully or accurately set forth the law regarding communication of the validation notice pursuant to the FDCPA.**

32.     The collection letters sent by the Defendants on September 14, 2007 and August 17, 2007 were the first collection letters received by the Plaintiffs Cox and Calzadas, respectively.

**ANSWER:    Defendants deny that "Defendants" sent the letters and deny the allegations contained in paragraph 32.**

33.     The collection letters sent to the Plaintiffs on or about September 14 and August 17 in 2007 do not properly provide all information required by § 1692g(a)(4) of the

12

FDCPA and therefore violate the FDCPA.

> **ANSWER:**    **Defendants deny the allegations contained in paragraph 33.**

34.    The Collection Letters sent to the Plaintiffs on or about September 14, 2007 and August 17, 2007 incorrectly set forth some of the information required by § 1692g of the FDCP A and violate the FDCPA.

> **ANSWER:**    **Defendants deny the allegations contained in paragraph 34.**

## COUNT II - DECEPTIVE AND MISLEADING REPRESENTATION IN VIOLATION OF UNDER §§ 1692E OF THE FDCPA

35.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

> **ANSWER:**    **For their answer to paragraph 35, Defendants restate and reallege their answers to paragraphs 1 through 26.8 as if fully set forth herein.**

36.    Count II is brought on behalf of Subclass B.   Subclass B is comprised of all persons who, according to Defendants' records, meet the following criteria:

> a.    All persons who received a collection letter like the Collection Letter received by Plaintiff that was sent *at a time Defendants were not authorized or assigned to collect the debt.*

> b.    Excluded from the Class are (1) Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and (2) those persons to whom a Collection Letter was sent which was returned by the postal service as undelivered or undeliverable.

> **ANSWER:**    **Defendants admit that Plaintiffs purport to bring certain claims on behalf of a subclass, however, Defendants deny that a class exists or that one should be certified and accordingly Defendants deny the allegations contained in paragraph 36.**

37.    Section 1692c provides, in pertinent part, a non-exclusive list of practices deemed to be unlawful under the Act.   Specifically, section 1692e(2)(A) states that it is a violation of the Act to falsely represent "the character, amount or legal status of any debt."

> **ANSWER:**    **Defendants admit only that the quoted statement is contained in § 1692e(2)(A) and in further answering the allegations in paragraph 37, Defendants deny that Plaintiffs fully or accurately set forth the provisions of § 1692e.**

6295021v1 884432

38. Plaintiff Cox had received a letter from the Association which demanded payment by September 15, 2007. Accordingly, at the time Defendants sent the September 14, 2007 letter, the debt had not yet been assigned to the Defendants; as a result, Defendants did not have the authority to collect the debt.

**ANSWER:** **Defendants deny the allegations contained in paragraph 38.**

39. Because Defendants did not have the authority to collect the debt, their September 14, 2007 letter was deceptive and misleading.

**ANSWER:** **Defendants deny the allegations contained in paragraph 39.**

**COUNT III - FURNISHING DECEPTIVE FORMS**
**("FLAT RATING") IN VIOLATION OF § 1692E**

40. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

**ANSWER:** **For their answer to paragraph 40, Defendants restate and reallege their answers to paragraphs 1 through 26.8 as if fully set forth herein.**

41. Count III is brought on behalf of Subclass C. Subclass C is comprised of all persons who, according to Defendants' records, meet the following criteria:

a. All persons who received a standardized collection form letter like the Collection Letter that the Plaintiffs received. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representative, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family; and

b. Those persons to whom a Collection Letter was sent which was returned by the postal service as undelivered or undeliverable.

**ANSWER:** **Defendants admit that Plaintiffs purport to bring certain claims on behalf of a subclass, however, Defendants deny a class exists or that one should be certified and accordingly, Defendants deny the allegations contained in paragraph 41.**

42. Section 1692j prohibits a person "to design, compile and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."

**ANSWER:** **Defendants admit that § 1692j states "it is unlawful to design, compile and furnish any form knowing that such form would be used to create the false belief in a**

14

6295021v1 884432

consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." Defendants deny § 1692j is applicable.

43.    Defendants provided such forms in violation of § 1692j but did not actively participate in the collection activities and, therefore, are liable under § 1692k as permitted by § 1692j(b).

**ANSWER:    Defendants deny the allegations contained in paragraph 43.**

## COUNT IV - MAKING FALSE OR MISLEADING REPRESENTATION IN VIOLATION OF § 1692E

44.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

**ANSWER:    For their answer to paragraph 44, Defendants restate and reallege their answers to paragraphs 1 through 26.8 as if fully set forth herein.**

45.    Count IV is brought on behalf of Subclass D.  Subclass D is comprised of all persons who, according to Defendants' records, meet the following criteria:

a.    All persons who have resided or currently reside in Illinois and who received a form notice letter similar to the Collection Letter sent to Plaintiff.

b.    Excluded from the class are (1) Defendants, any entity in which Defendants have a controlling interest, any officers, directors or shareholders of Defendants, the legal representatives, heirs, successors and assigns of Defendants, and any Judge assigned to this action and his or her family; and (2) those persons to whom the Collection Letter was sent which was returned as undelivered or undeliverable.

**ANSWER:    Defendants deny that a class exists or that one should be certified and accordingly, deny the allegations contained in paragraph 45.**

46.    Section 1692e states, in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:    Defendants admit the quotation is contained in § 1692e and deny the remaining allegations.**

47.    Section 1692e(10) states, in pertinent part: "The use of any false representation or deceptive means to collect or attempt to collect any debt ...  [is a violation of this section]"

**ANSWER:    Defendants admit the quotation is contained in § 1692e(10) and deny**

15

**the remaining allegations.**

48.    The letter sent to Plaintiffs contained the following statement: " ... unless your payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, YOUR RIGHT TO POSSESSION OF THE PREMISES WILL BE TERMINATED." (emphasis in original)

**ANSWER:    Defendants admit the quoted statement is  contained in Exhibits A-1 and B and deny the remaining allegations.**

49.    The statement quoted in Paragraph 48 is misleading because a reasonable person would assume that failure to pay in the given timeframe would result in immediate loss of possession, when in fact Defendants would have had to file an action under the Forcible Entry and Detainer Act, 735 ILCS 605 et seq., in order to obtain possession of the unit.  In fact, Plaintiffs Evaristo and Alicia Calzada did so interpret the statement quoted in Paragraph 48, and as a result vacated their unit.

**ANSWER:    Defendants deny the allegations contained in paragraph 49.**

50.    Further, the statement quoted in Paragraph 48 is misleading because The Illinois Forcible Entry Act requires a minimum stay of enforcement of 60 days; hence Defendants would not have been able to acquire immediate possession within thirty four (34) days.

**ANSWER:    Defendants deny the allegations contained in paragraph 50.**

### COUNT V - UNFAIR PRACTICE IN VIOLATION OF § 1692F

51.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.8.

**ANSWER:    For their answer to paragraph 51, Defendants restate and reallege their answers to paragraphs 1 through 26.8 as if fully set forth herein.**

52.    Count V is brought on behalf of a subclass that consists of members of putative classes A, B, C, and D, inclusive.  This subclass is comprised of all persons who, according to Defendants' records, meet the following criteria:

a.    All persons who have resided or currently reside in Illinois and received a form notice letter similar to the Collection Letter sent to Plaintiffs.  Those persons from whom Defendants have improperly collected attorney fees and charges, including but not limited to the initial attorney fee of $210.62; and

b.    Excluded from the class are (1) Defendants, any entity in which Defendants have a controlling interest, any officers, directors or shareholders of Defendants, the legal representatives, heirs, successors and assigns of Defendants, and any Judge assigned to this action and his or her family; and (2) those persons to whom the

6295021v1 884432

Collection Letter was sent which was not returned as undelivered or undeliverable.

**ANSWER:     Defendants deny that a class exists or that one should be certified and accordingly, deny the allegations contained in paragraph 45.**

53.     Section 1692f(1) states, in pertinent part, that it is a violation of the FDCPA when a debt collector attempts to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

**ANSWER:     Defendants admit the quotation is contained in § 1692f(1) and deny the remaining allegations.**

54.     As stated in paragraphs 19.1 and 19.2, supra, the Association's Rules and Regulations, and its Bylaws provide that late fees, attorney fees and other charges may be collected only if the assessment fee remains unpaid thirty (30) days after the due date.

**ANSWER:     Defendants restate and reincorporate their answers to paragraphs 19.1 and 19.2 and deny the remaining allegations.**

55.     Defendants improperly attempted to collect attorney fees and late charges from Plaintiff Cox on September 14, 2007, as the assessment had not been outstanding for more than thirty (30) days;

**ANSWER:     Defendants deny the allegations contained in paragraph 55.**

56.     As stated in paragraphs 26.1 through 26.9, Defendants improperly attempted to collect, and did improperly collect, attorney fees and costs from Plaintiffs Evaristo and Alicia Calzada.

**ANSWER:     Defendants deny the allegations contained in paragraph 56.**

57.     Therefore, Defendants violated § 1692f(1).

**ANSWER:     Defendants deny the allegations contained in paragraph 57.**

WHEREFORE, Defendants, STUART A. FULLETT and FOSCO, VANDERVENNET & FULLETT, P.C., and FOSCO FULLETT ROSENLUND, PC respectfully request that this Court judgment in their favor and against the Plaintiff and for such further relief as this Court deems appropriate and just.

6295021v1 884432

## **FIRST AFFIRMATIVE DEFENSE**

Defendants state that any violation of the FDCPA, which Defendants deny occurred, was unintentional and occurred in spite of procedures reasonably adapted to avoid such an error. Defendants state that Fullett and FVF reasonably relied on The Sanctuary of Arlington Heights and its management company to provide them with the amount of Plaintiff Cox's debt. It is Fullett and FVF's understanding that the Board of Managers of The Sanctuary of Arlington Heights required payment of the monthly assessments by the 10th day of every month and accordingly, when it had not received Plaintiff's payment by September 10th, referred this account for collection to Fullett and FVF. Fullett and FVF were entitled to rely on The Sanctuary of Arlington Heights Condominium Association and the Association's managing agent to provide them with information regarding the nature and amount of Plaintiff's debt. *Heintz v. Jenkins*, 124 F.3d 824, 832 (7th Cir. 2004); *Kort v. Diversified*, 394 F.3d 530, 539 (7th Cir. 2005); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004); and *Ross v. RJM Acquisitions*, 480 F.3d 493 (7th Cir. 2007). Similarly, Fullett and FVF reasonably relied on information provided by Sheffield Towne Association regarding the amount and validity of the Calzadas' debt- a debt which the Calzadas acknowledged and voluntarily paid.

## SECOND AFFIRMATIVE DEFENSE

Defendants state that Plaintiffs fail to state a claim upon which relief can be granted pursuant § 1692j of the FDCPA. Plaintiffs plead that Defendants were acting as debt collectors and that they knew they were representing their condominium associations in attempting to collect their past due assessments. There are no allegations against Defendants that they were attempting to create a false belief that parties other than Defendants, acting on behalf of plaintiffs' condominium associations, were attempting to collect Plaintiffs' past due assessments.

## THIRD AFFIRMATIVE DEFENSE

The Calzadas' claims are barred by the voluntary payment doctrine. The Calzadas voluntarily paid their debt pursuant to a lawful judgment. Plaintiffs' voluntary payment bars any challenge to their debt. *Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 668 (7th Cir. 2001); *Gofis v. County of Cook*, 324 Ill.App.3d 407, 754 N.E.2d 374 (1st Dist. 2001).

## FOURTH AFFIRMATIVE DEFENSE

For their Fourth Affirmative Defense, Defendants state that plaintiffs fail to state a claim under the FDCPA for which relief may be granted. The letters complained of contained a validation notice pursuant to Section 1692g which was compliant with the Act. Plaintiffs' subjective claim that the letters make a false implication must be supported by survey evidence to show how the unsophisticated consumer would interpret such language. "[W]hen the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Sims v. GC Services L.P.*, 445 F.3d 959 (7th Cir. 2006); *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005), *citing Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574-75 (7th Cir. 2004); *Chuway v. Nat'l Action Fin. Servs.* 362 F.3d 944, 948-49 (7th Cir. 2004). Plaintiffs

have come forward with no such evidence.

## FIFTH AFFIRMATIVE DEFENSE

For their Fifth Affirmative Defense, defendants state that plaintiffs fail to state a claim against FFR. The collection letters complained of are letters on FVF letterhead. FFR did not exist at the time the letters were sent. It was not operational until January 1, 2008. FFR and FVF are not the same law firm. They have separate assets. FVF has its own bank account and tax liability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages as a result of Defendants' conduct. In the alternative, plaintiffs have failed to mitigate their damages.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Jennifer W. Weller

Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
(312)704-3000
fax (312)704-3001
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

6295021v1 884432